**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2566-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TIQUAN WHITEHURST,

     Defendant-Appellant.

_____

Submitted February 25, 2019 – Decided April 9, 2019

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-06-1973.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

This appeal is before us for a third time. In 2008, a jury convicted defendant Tiquan Whitehurst of two murders and related weapons offenses. The judge sentenced defendant to two consecutive life terms, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction on direct appeal and remanded for re-sentencing on the State's cross-appeal. State v. Whitehurst, No. A-5035-08 (App. Div. Jan. 6, 2012) (Whitehurst I). The Supreme Court denied defendant's petition for certification. 210 N.J. 479 (2012).

Defendant filed a petition for post-conviction relief (PCR), alleging ineffective assistance of counsel (IAC). The PCR judge, who was not the trial judge, denied the petition without an evidentiary hearing. State v. Whitehurst, No. A-0511-15 (App. Div. Apr. 25, 2017) (Whitehurst II) (slip op. at 3). On appeal, we rejected most of defendant's arguments and affirmed the denial of the petition. Id. at 6-7, 9. However, we concluded a remand was necessary to resolve an issue defendant presented for the first time on appeal in his pro se supplemental brief. Id. at 8-9.

> [D]efendant argues PCR counsel was ineffective because he failed to bring to the PCR judge's attention the record of calls made to police on the evening of the murders. According to one entry in the "Event

Chronology" in the appendix to defendant's pro se brief, a caller claimed "suspects [were] on foot." Defendant contends this record would have provided valuable support for the "third-party guilt" defense asserted at trial.[1]

[Id. at 4.]

Because of the inadequate record, we could not assess defendant's claim that PCR counsel provided ineffective assistance.

[W]e cannot conclude on the record before us that PCR counsel in this case failed to discharge his responsibilities under Rule 3:22-6(d). PCR counsel requested more time to prepare because trial counsel, who was under suspension, had failed to respond to

_____

[1] For the balance of this opinion, we refer to that particular call as the 911 call. We summarized the trial evidence at length in Whitehurst I. We reiterate the summary we provided in Whitehurst II.

[F]irst responders to a motor vehicle accident found both victims in the front[]seat of a car with mortal gunshot wounds and defendant unconscious in the backseat with a gun, later identified as the murder weapon, either in his hand or nearby. In a dying declaration, one victim told an EMT the "guy in the back seat shot me." Expert forensic testimony opined both victims were shot from behind at close range, and defendant's cellphone records revealed a series of twenty-two calls that day to one of the victim's phones. Defendant did not testify or present any witnesses at trial.

[Id. at 2 (citations omitted).]

A-2566-17T2

repeated requests to turn over his file, but the judge earlier had denied the request. Apparently, shortly before the hearing, trial counsel did produce the file, which PCR counsel characterized as lacking everything but the State's motion for an extended term. PCR counsel relied, in large part, upon discovery provided by the prosecutor. At the hearing, PCR counsel supplied a certification . . . signed the same day as the hearing.

Under these circumstances, it is apparent that PCR counsel was unable to fully investigate and assess the Event Chronology and have a meaningful discussion with his client regarding the document. These limitations were not the result of PCR counsel's ineffective assistance.

[Id. at 8.]

We therefore remanded the matter "to permit defendant to supplement his petition and provide further briefing and oral argument regarding the Event Chronology." Ibid.

Perhaps the precision of our language lent itself to the entirely inadequate proceeding on remand. PCR counsel, who was not the original PCR counsel, supplied only an unverified amended petition and defendant's unsigned certification. Defendant said that he and original PCR counsel became "aware of the 911 call on[e] week . . . prior to the [first] PCR hearing . . . ." Defendant averred that the 911 call "proves that other individuals than myself were in the back seat of the automobile and fled upon the car crashing." Defendant claimed

trial counsel and PCR counsel provided ineffective assistance by not "adequately investigat[ing] this issue."

At the remand hearing, PCR counsel simply asked the judge to consider the arguments made in his brief, as well as the issues "raised by the petitioner," and requested an evidentiary hearing. The prosecutor similarly relied on his papers.[2]

The judge reviewed the Event Chronology. He concluded, "the third-party liability question . . . was thoroughly argued . . . at the time of the trial . . . and the jury did hear all about it." The judge was unconvinced an evidentiary hearing was warranted "based upon the materials" submitted. He noted the Event Chronology "was printed sometime in December [] 2006 just at the time of the incident[,]" but "[t]here's no reference . . . to the fact that this is a full and complete copy[,]" or "what town this in fact applies to . . . ."

Noting references in the Event Chronology to "a number of other people trying to help the driver . . . out of the car[,]" the judge observed "[t]here's no issue here with regard to whether in fact that person helping [the driver] out of the car is in reference to the people . . . on foot or somebody else." The judge continued: "We have no idea how this particular item — the [E]vent

_____

[2] The briefs are not part of the appellate record.

[C]hronology [—] came into possession of the defense. The certifications were not signed."

Observing the Event Chronology "wasn't referenced in the prior trial," the judge determined that went "to the level of strategy by the defense counsel." Returning to the inadequacy of the certification, the judge held:

> There is no verification here that the document is fully complete. No references of where it has been for eight[-]and[-]a[-]half years between the time of the incident and the time of . . . the PCR hearing . . . . [T]here is no certification from the PCR counsel.
>
> And the PCR counsel was here yesterday on another matter and [in] the [c]ourt's experience, that particular PCR counsel is very thorough and very exacting. And the fact that if it had been discussed with him previously to the last hearing[,] he would have[,] in fact[,] mentioned it. . . . [T]here was no mention at the time of . . . the prior argument before this [c]ourt. There's also no certification from him . . . in fact[,] the conversation [ever] occurred.

The judge concluded the Event Chronology was "triple hearsay," and he was "not sure the document would have even gotten to the jury anyway."

A-2566-17T2

The judge concluded defendant failed to meet either prong of the Strickland/Fritz[3] standard for demonstrating IAC. He denied the petition and this appeal followed.

Before us, defendant argues he presented a prima facie IAC claim, specifically, "counsels' egregious lack of pursuit — by way of the '[E]vent [C]hronology' (notwithstanding being hearsay, the lack of certification/verification) — to support third-party guilt."[4] Defendant argues he was entitled to an evidentiary hearing. In a supplemental pro se brief, defendant reiterates this argument. He also raises other claims already disposed of in our decision in Whitehurst II.

Our remand anticipated defendant would have the opportunity to explain what was left unexplained after his first PCR hearing, i.e., when and under what circumstances the Event Chronology came into his possession, and if and when PCR counsel had the document. We noted in Whitehurst II that despite PCR counsel's request for additional time, the judge refused to grant any further

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

[4] By the use of the plural possessive "counsels'," we gather the argument is meant to apply to both trial counsel and PCR counsel, but the brief never specifies. Nor can we tell whether defendant includes second PCR counsel within this claim.

A-2566-17T2

adjournment. (slip op. at 8). We are not critical of the judge's decision in this regard, because we understand efforts to obtain defendant's file from suspended trial counsel caused significant delay. We mention it only because it provided support for our conclusion that the existing PCR record was inadequate.

Although our opinion in Whitehurst II did not compel an evidentiary hearing on remand, we certainly expected second PCR counsel would comport himself as required by the Court's holdings in State v. Rue, 175 N.J. 1 (2002), and State v. Webster, 187 N.J. 254 (2006). At the least, we expected defendant would explain through certifications the circumstances surrounding his possession of the Event Chronology. We anticipated that defendant would produce, if possible, a certification from first PCR counsel regarding his knowledge, or lack thereof, of the document.

Instead, the record before us reflects that second PCR counsel produced only an unsigned certification from defendant that added virtually nothing to elucidate the circumstances surrounding the Event Chronology. Moreover, there is no explanation in the record as to whether second PCR counsel attempted to do anything more.

Of course, these are significant failings. The judge focused his attention on the unsigned nature of the certification. He also noted the apparent ready

availability of first PCR counsel, who was in the judge's courtroom the day before.

In short, second PCR "counsel's performance failed to meet the standards imposed by Rule 3:22-6(d) because there is no evidence that defendant received the presumed benefits of having his case independently reviewed by a trained legal professional." State v. Hicks, 411 N.J. Super. 370, 377 (App. Div. 2010). We therefore reluctantly remand the matter again, and order that third PCR counsel be appointed forthwith. We again do not compel an evidentiary hearing, but we remind the judge that in deciding whether a defendant has presented a prima facie case, our rules entitle a PCR defendant to have the court "view[] the facts alleged in the light most favorable" to him. R. 3:22-10(b).

We also order that a different judge conduct the remand because the PCR judge has made determinations inconsistent with the existing record and without the benefit of information we specifically anticipated the first remand would develop. For example, noting the unpersuasive nature of the Event Chronology, the judge found it failed to specify "what town" it applied to. A simple comparison of entries in the document to the location of the murder scene, as explained in the trial testimony and Whitehurst I, demonstrates at least some of the various 911 phone calls involve this case. The judge speculated that the 911

9

call of "suspects are on foot" could actually reference people who tried to help one of the victims out of the car, also referenced in other calls. Most importantly, although recognizing the paucity of information supplied by second PCR counsel, noting, "[w]e have no idea how . . . — the [E]vent [C]hronology [—] came into possession of the defense[,]" the judge nevertheless concluded trial counsel had the document and his choice not to utilize it any way was strategic.

We do not speculate as to the circumstances surrounding the Event Chronology and whether trial counsel, if he had the document, would have used it in some way, even if only to further his investigation. It suffices to say, however, that third-party guilt was the defense at trial. Trial counsel argued that all of the forensic evidence revealed nothing other than defendant's presence in the car. He noted that according to the State's ballistic expert, when found, the murder weapon evidenced a malfunction that prevented it from firing again unless someone manually ejected the bullet in the chamber. Defense counsel argued that defendant was an intended target of the unidentified shooter, spared only by this malfunction.

Defense counsel explained that one of the two shell casings found at the scene was outside the car and a distance from where the crash occurred. He

noted that police found a single sneaker on the street some distance from the car, and that defendant had both shoes on his feet. Under these circumstances, we fail to see how the PCR judge could conclude on this record that trial counsel made a strategic decision regarding the Event Chronology.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION