**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0148-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KHALID I. KHAN,

     Defendant-Appellant.

_____

Submitted January 14, 2020 – Decided   February 4, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-03-0868.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Khalid Khan appeals from the denial of his petition for post-conviction relief (PCR), contending trial counsel was ineffective, and the PCR court improperly denied his petition without an evidentiary hearing. After a review of the contentions in light of the record, we affirm.

I.

In March 2012, an Essex County grand jury returned an indictment charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2) of his estranged wife (count one); fourth-degree unlawful possession of a sharp cutting object, N.J.S.A. 2C:39-5(b) (count two); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count four).

Defendant's then eight-year-old daughter, S.K.,[1] lived with the estranged wife, who is her mother. One night S.K. could not find her mother and called a neighbor. The neighbor pried open a locked bathroom door, and found the victim dead in the bathtub, with a cut to her neck. Defendant denied killing her.

On February 4, 2013, the trial judge, who is also the PCR court, granted defendant's motion to suppress two statements given prior to Miranda[2] warnings,

---

[1] We use initials to protect the confidentiality of the parties.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0148-18T1

and found admissible defendant's statement made after <u>Miranda</u> warnings were given. Defendant also moved to preclude the introduction of prior bad acts under Rule 404(b), which the judge granted in part. The judge denied defendant's motion to preclude a December 9, 2009 incident of domestic violence, in which the victim stated defendant hit her.

On October 4, 2013, a jury found defendant guilty on all charges. The judge sentenced defendant to an aggregate term of fifty years imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and five years of parole supervision. We affirmed defendant's conviction and sentence. <u>State v. Khan</u>, No. A-3856-13 (App. Div. Jan. 23, 2017) (slip op. at 3). We incorporate, by reference, the facts and conclusions stated in our prior opinion.

Defendant filed a PCR petition pro se, and thereafter, assigned counsel filed a twenty-five-page brief, an amended petition, and an affidavit of defendant's daughter, S.K., alleging she did not recall telling the police that her father killed her mother and she was told by law enforcement as well as her mother's family that her father was the one who committed the murder. Through counsel, defendant asserted his PCR counsel was constitutionally ineffective because he "failed to specify any actual claims, failed to offer support for the

3

claims and made only vague, generalized statements," in violation of his court-imposed obligations under Rule 3:22-6(d).

On June 11, 2018, the PCR court heard argument and issued an oral decision. The PCR court analyzed the six claims asserted by defendant in his petition seeking to vacate his conviction:

(1) trial counsel failed to investigate potential favorable witnesses who could have exonerated him;

(2) trial counsel coerced defendant not to testify;

(3) trial counsel failed to object to highly prejudicial evidence during the trial;

(4) appellate counsel was ineffective for failing to raise the above claims;

(5) the cumulative effect of trial and appellate counsel's errors deprived defendant of his right to counsel; and

(6) defendant is entitled to an evidentiary hearing.

In its detailed decision, the PCR court found claims one and three were procedurally barred because they were previously adjudicated on the merits. Claim two was found to be expressly refuted by defendant's own statement before the court at the close of the State's case. Defendant failed to show ineffective assistance of counsel at the appellate level, and the PCR court

4

emphasized appellate counsel had broader discretion than PCR counsel in representing defendant, in rejecting claim four.

The PCR court also found cumulative error, claim five, was not proven by defendant. The PCR court noted the enduring hostile relationship between defendant and his estranged wife, their prior domestic violence, including assaults, and defendant's belief that she was attempting to keep S.K. from him. In addition, the PCR court stated that defendant was an expert in knives, judo, and served in the Army.

As a result, the PCR court found no cause existed to warrant an evidentiary hearing and, therefore, denied defendant's PCR petition because it failed to meet the standard under Strickland v. Washington, 466 U.S. 668, 687 (1984).

On appeal, defendant presents the following arguments:

POINT ONE

A NEW PCR PROCEEDING IS NECESSARY AS PCR COUNSEL FAILED TO RAISE SUPPORTED ARGUMENTS FOR DEFENDANT'S PETITION IN VIOLATION OF RULE 3:22-6(d). (Not Raised Below).

POINT TWO

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR PCR WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE

5

FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL AND APPELLATE LEVELS.

II.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding. State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). In Hicks, it was determined that the defendant failed to receive the benefit of his attorney's expertise, because the attorney limited his performance to representing the arguments the defendant

6

included in his own pro se petition. There was no evidence that the attorney conducted a further evaluation to find other grounds to argue defendant's conviction, and there were indications that PCR counsel had not reviewed his file. Id. at 374. Under those circumstances, a remand was justified. Ibid.

In turning to defendant's assertions that his PCR counsel was ineffective because he "failed to specify any actual claims, failed to offer support for the claims and made only vague, generalized statements," we conclude the contention lacks merit. Our review of the record shows that PCR counsel submitted a comprehensive twenty-five-page brief in support of PCR. Although the PCR court rejected S.K.'s affidavit and found it did not constitute newly discovered evidence, it evidences PCR counsel's diligent efforts under Rule 3:22-6(d). The PCR court also found defendant's counsel conducted a thorough investigation. As is well-established, "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

The PCR court also addressed defendant's argument that his trial counsel coerced him not to testify. During the trial, the judge elicited the following testimony from defendant:

COURT: Have you had the opportunity to speak to your client regarding his right to testify on his own behalf?

[COUNSEL]: I have, Your Honor.

COURT: He's made a decision not to testify?

[COUNSEL]: He has, Your Honor.

COURT: May I make inquiry of him?

[COUNSEL]: Please.

COURT: Good morning, Mr. Khan.

DEFENDANT: Good morning, sir.

COURT: Now, Mr. Khan, you do understand that as the accused in this case you have a constitutional right to testify in your own defense. Do you understand that?

DEFENDANT: Yes, sir.

COURT: Do you understand there's only one person in this whole world who can make the decision as to whether you should testify and that person is you?

DEFENDANT: Yes, sir.

COURT: Do you understand that?

DEFENDANT: Yes, sir.

COURT: Do you also understand - - I also take it and I don't want to get into the specifics of the conversation, but I take it that you've had the opportunity preceding the trial during the course of the trial, to speak with

[counsel] about the possible advantages of testifying and the possible disadvantages, correct?

DEFENDANT: Yes, sir.

COURT: And after having those discussions it is you who has come to a decision not to testify?

DEFENDANT: Yes, sir.

COURT: That is a decision that you have come - - arrived at from - - that's a decision you made, correct?

DEFENDANT: Yes, sir.

COURT: From your own free will?

DEFENDANT: Yes, sir.

COURT: No one is forcing you?

DEFENDANT: Yes, sir.

COURT: Right now, are you under the influence of any drugs, alcohol or medication?

DEFENDANT: No, sir.

COURT: Thinking straight and clear?

DEFENDANT: Yes, sir.

We conclude the PCR court appropriately found no merit to defendant's contention that he was coerced not to testify at trial. Moreover, defendant has not stated what meritorious issue should have been raised by PCR counsel. We

A-0148-18T1

are satisfied that defendant has not asserted a cognizable claim of inadequate performance by PCR counsel under the Hicks test. See R. 3:22-4(b)(2)(C). We are also satisfied from our review of the record that defendant failed to demonstrate PCR counsel was ineffective under the Strickland/Fritz test.

The PCR court also rejected defendant's claim that his appellate counsel was ineffective for failing to argue his trial counsel was ineffective. In reviewing defendant's petition, the PCR court aptly found that it was "entirely understandable" appellate counsel would deem claims one (trial counsel failed to investigate potential favorable witnesses who could have exonerated him), and two (trial counsel coerced defendant not to testify), lack substantive merit. We agree. The PCR court discussed the alleged errors in light of the State's evidence and found that defendant's trial counsel utilized the strategies now advanced in hindsight by defendant. Post-trial and post-appeal disagreement with strategy do not constitute ineffective assistance of counsel. State v. Castagna, 187 N.J. 293, 314-15 (2006).

We find no error in denying defendant an evidentiary hearing as the PCR court correctly found that there was no showing of a prima facie case of ineffective assistance of counsel because it was clear from the record that defendant's individual claims lacked merit, and there was no cumulative error.

See State v. Preciose, 129 N.J. 451, 462 (1992); State v. Wakefield, 190 N.J. 397, 538 (2007).  The PCR court delineated its sound reasons in a careful and thorough decision.  Because defendant has not demonstrated a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0148-18T1