**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4143-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARC KIRKLAND,

    Defendant-Appellant.

_____

> Submitted January 11, 2021 – Decided January 25, 2021
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-08-0432.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Amanda Frankel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a March 5, 2019 order denying his petition for post-conviction relief (PCR). He maintains both his trial and PCR counsel rendered ineffective assistance. Judge Kathy C. Qasim entered the order and rendered a thorough twenty-two-page written decision. We affirm.

A jury found defendant guilty of first-degree robbery, N.J.S.A. 2C:15-1. We affirmed the conviction, State v. Kirkland, No. A-0114-15 (App. Div. Apr. 4, 2017), and the Supreme Court denied certification, State v. Kirkland, 230 N.J. 609 (2017). In January 2018, defendant filed his pro se PCR petition, which his PCR counsel amended in October 2018. Thereafter, defendant's PCR counsel filed a brief and submitted certifications supporting the petition. In February 2019, Judge Qasim conducted oral argument, then issued her written decision and order under review.

On appeal, defendant raises the following arguments for this court's consideration:

POINT I

THE PCR [JUDGE'S] FAILURE TO ADJUDICATE ALL OF [DEFENDANT'S] CLAIMS REQUIRES A REMAND FOR A NEW PCR PROCEEDING[.]

POINT II

AN EVIDENTIARY HEARING WAS REQUIRED TO RESOLVE [DEFENDANT'S] CLAIM THAT TRIAL

COUNSEL WAS INEFFECTIVE AT THE PLEA-BARGAINING STAGE[.]

POINT III

THIS MATTER SHOULD BE REMANDED BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL[.]

I.

We reject defendant's contention that the PCR judge failed to adjudicate the PCR claims in his pro se petition (asserting ten claims), as amended by his own PCR counsel (making an additional thirty-one claims), and as contained in the certifications submitted by PCR counsel. PCR counsel repeated many of the original arguments, and the additional contentions in the amended petition were otherwise contained in the original petition, as amplified by the brief filed by PCR counsel. To the extent that any of the arguments were barred under Rule 3:22-4 and Rule 3:22-5, such as assertions related to the jury charges, the judge carefully explained that she considered trial counsel's performance against the overwhelming evidence of guilt and concluded that trial counsel was an effective advocate. Although the judge may not have specifically enumerated each of the forty-one contentions, our review of her written decision demonstrates that she comprehensively analyzed defendant's PCR arguments.

A-4143-18T2

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, this court must consider whether counsel's performance fell below an object standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

Here, defendant failed to demonstrate a prima facie case of ineffectiveness of trial counsel either during plea discussions or trial. The record reflects the State would not have downgraded the charge, and therefore there was no need to produce medical records that defendant believes would have made him eligible for drug court. As a result, we see no prejudice. At any rate, as the

State's merits brief points out, even though the assistant prosecutor had no objection to a TASC evaluation, there was no indication that the charge would have been downgraded. Indeed, trial counsel attempted to convince the State to downgrade the charge so defendant could be considered for drug court, but the State was unwilling to do so, primarily because there was no evidence that at the time defendant robbed the bank he was under the influence.

III.

We next address defendant's claim that he was denied effective assistance of PCR counsel, noting that this argument was not raised before the PCR judge. The performance of PCR counsel is examined under a different standard than the standard applicable to trial counsel. Regarding a claim that PCR counsel was ineffective, the Supreme Court has stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.

A-4143-18T2

[State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010) (citing State v. Rue, 175 N.J. 1, 4 (2002)). "This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." Ibid. (citations omitted). PCR counsel is not, however, required to bolster claims raised by a defendant that are without foundation, but rather, only those "the record will support." Webster, 187 N.J. at 257.

With this standard in mind, we conclude defendant failed to establish a prima facie case that his PCR counsel rendered ineffectiveness. She advanced his PCR claims, and as to the failure to produce the medical records, here too we see no prejudice because defendant was ineligible for drug court, and the State would not have admitted him into that program.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4143-18T2