**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2161-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LANCE A. FULTON, a/k/a
LANCE FULTON,

    Defendant-Appellant.

_____

Submitted April 19, 2021 – Decided August 9, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-02-0440.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Jill S. Mayer, Camden County Acting Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a June 27, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to aggravated manslaughter in exchange for the State's agreement to dismiss counts charging knowing/purposeful murder and felony murder. He was sentenced to a twenty-five-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant contends his trial counsel rendered ineffective assistance by failing to investigate possible alibi and intoxication defenses, by failing to visit the crime scene and investigate exculpatory evidence, and by failing to argue for a lesser sentence. Judge Kathleen M. Delaney carefully reviewed defendant's PCR arguments and rendered a comprehensive decision on the record. She rejected defendant's claims as bald assertions, stressing that defendant failed to submit an affidavit or certification to support them. Defendant has yet to explain what exculpatory evidence would have been revealed by trial counsel's further investigation. Nor has he demonstrated that such hypothetical exculpatory evidence would probably have caused him to reject the favorable plea bargain negotiated on his behalf and insist on going to

trial for murder.[1] We therefore affirm substantially for the reasons explained in Judge Delaney's thorough and thoughtful oral opinion. We also reject defendant's newest contention that his PCR counsel was ineffective and should be replaced with new counsel.

This case arises from a gang-related double homicide in which a young couple, Michael Hawkins and Muriah Huff,[2] were killed in retaliation for a theft Hawkins purportedly committed against another gang member. A group of gang members, including defendant, lured Hawkins to an upstairs room, tied him up, duct-taped his mouth, and stuffed him in a closet. The plan was to keep Hawkins confined in the closet until the gang leader arrived. Hawkins was severely beaten to the point that nearly every bone in his face was broken. He died from a combination of blunt-force trauma and multiple gunshot wounds to the head.

---

[1] Defendant was sentenced on the aggravated manslaughter conviction to a twenty-one-year, three-month period of parole ineligibility. Had defendant been convicted of murder as charged in the indictment, the minimum sentence authorized by law would be thirty years without parole. N.J.S.A. 2C:11-3(b)(1). If the court imposed a life sentence, the period of parole ineligibility under NERA would be sixty-three years, nine months.

[2] Huff was killed by other codefendants. Defendant was not charged with Huff's death.

Defendant gave an electronically-recorded statement to police in which he denied striking Hawkins with a baseball bat and also denied shooting him. Defendant admitted, however, that he kicked, punched, and helped to restrain the victim.

In November 2010, a Camden County grand jury charged defendant with knowing/purposeful murder, N.J.S.A. 2C:11-3(a)(1) or (2); felony murder, N.J.S.A. 2C:11-13(a)(3); first-degree kidnapping, N.J.S.A. 2C:13-1(b); first-degree conspiracy to commit murder/kidnapping, N.J.S.A. 2C:5-2(a)(1)(2)/2C:11-3(a)(1) or (2)/2C:13-1(b); third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(a)(3). In November 2011, defendant pled guilty to a reduced charge of aggravated manslaughter. The trial judge found that defendant entered his plea freely, knowingly, and voluntarily. Defendant provided a factual basis for the plea during the plea colloquy, acknowledging his role in the murder of Hawkins.

Defendant was sentenced in December 2011. The sentencing judge found aggravating factors one, N.J.S.A. 2C:44-1(a)(1) ("[t]he nature and circumstances of the offense, and the role of the actor in committing the offense, including whether or not it was committed in an especially heinous, cruel, or depraved manner"), three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant

4

will commit another offense"), and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"). The sentencing court found mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12) ("[t]he willingness of the defendant to cooperate with law enforcement authorities") based on the statement defendant gave to police after his arrest in which he acknowledged his role in the crime and implicated other codefendants. The judge determined that the aggravating factors outweighed the single mitigating factor. The judge thereupon imposed a twenty-five year prison term subject to NERA. On direct appeal, defendant only challenged his sentence, which we affirmed in June 2012 after an Excessive Sentence Oral Argument.

Defendant raises the following contentions for our consideration:

POINT I

AS DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED HIS PETITION WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING

POINT II

THE MATTER SHOULD BE REMANDED TO ALLOW DEFENDANT ASSIGNMENT OF NEW PCR COUNSEL TO INVESTIGATE AND PRESENT EVIDENCE IN SUPPORT OF HIS PCR PETITION

5

Because we affirm for the reasons explained in the thorough oral opinion rendered by Judge Delaney, which spans thirty-eight pages of transcript, we need not re-address defendant's arguments at length. We add the following comments.

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In order to demonstrate ineffectiveness of counsel, "[f]irst, the defendant must show that counsel's performance was deficient. . . . [s]econd, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. In State v. Fritz, our Supreme Court adopted the two-part test articulated in Strickland. 105 N.J. 42, 58 (1987).

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The fact that a trial strategy fails to obtain the optimal outcome for a defendant is insufficient to

6

show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 220 (2002) (citing State v. Bey, 161 N.J. 233, 251 (1999)).

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. The second Strickland prong is particularly demanding: "the error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). Furthermore, to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994). This "is an exacting standard." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Allegro, 193 N.J. at 367). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52; Strickland, 466 U.S. at 693).

Short of obtaining immediate relief, a defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462–63 (1992). A defendant is entitled to an evidentiary hearing only when (1) he or she is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. R. 3:22-10(b). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie case entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under both prongs of the Strickland test. Preciose, 129 N.J. at 463. We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Ibid.

Applying these legal principles to the case before us, we agree with Judge Delaney that defendant failed to establish a basis for an evidentiary hearing, much less a basis to vacate his guilty plea. Judge Delaney carefully considered defendant's assertion that trial counsel was ineffective for failing to investigate

8

letters written by codefendants that, according to defendant, constitute a basis for an alibi defense. As Judge Delaney noted, those unsworn handwritten letters are not affidavits as required by Rule 1:4-4. Furthermore, the judge found,

> there's no language in the letters that indicate that the defendant was not present at the time of the murder of Mr. Hawkins. In fact, the letters indicate the opposite[:] that he was there. He was present at the time of the murder of Mr. Hawkins and the letters provided justification as to why the defendant and the co-defendants should be mitigated in their involvement in the murder.

Judge Delaney determined those letters served a different purpose than to exonerate defendant. Rather, as Judge Delaney found, "they advise the defendant to tell the same story as the rest of the co[]defendants so as to mitigate his culpability in the murder." The judge found the letters are "essentially saying, look, let's get our stories straight." The judge also noted that, "all three of the co[]defendants who wrote the letters gave statements incriminating the defendant to the investigators." Judge Delaney thus concluded:

> [T]hey are not affidavits, they do not fit the court rule, which is required for a post-conviction relief application. And I don't see any language in there that sets—sets forth anything close to an alibi. And the defendant gave a statement to the police and his plea colloquy was thorough and clear that he was involved in the death—causing the death of Mr. Hawkins.

9

> So because the defendant has failed to provide the [c]ourt with affidavits or certifications to assert the facts that an investigation would have revealed, based upon personal knowledge of the affiant or the person making the certification, and that there was a potential for an alibi defense, the defendant has failed to demonstrate that trial counsel's assistance was ineffective in this regard and has likewise failed to demonstrate that trial counsel's performance prejudiced the defendant.

We agree. We also agree with Judge Delaney's analysis of defendant's contention that trial counsel was ineffective for failing to investigate and pursue an intoxication defense. N.J.S.A. 2C:2-8 provides that intoxication is not a defense unless it negates an element of the offense. Furthermore, "[w]hen recklessness establishes an element of the offense, if the actor, due to self-induced intoxication, is unaware of a risk of which he would have been aware had he been sober, such unawareness is immaterial." N.J.S.A. 2C:2-8(b). While intoxication might in theory be relevant as a defense to knowing/purposeful murder, it is immaterial as to the reckless culpable mental state that applies to the aggravated manslaughter offense to which defendant pled guilty, N.J.S.A. 2C:11-4(a)(1).

In any event, Judge Delaney found, "there is no evidence in the record that would suggest that the defendant was intoxicated at the time the incidents took place, much less if the defendant was intoxicated to the level of prostration of

10

faculties as is required . . ."[3] The judge also aptly noted that defendant was "very much able to recall the events of the murder."

We agree that defendant has failed to establish either prong of the Strickland/Fritz test. We add that defendant has not asserted, much less established, that he would have declined the favorable plea agreement and instead gone to trial had his trial counsel further investigated alibi and intoxication defenses.

We need only briefly address defendant's contention his sentence was excessive "due to counsel's failure to argue that [defendant] should have received less time than the more culpable co[]defendants who received similar sentences to [defendant]." The sentencing court considered defendant's role in

---

[3]  We note that one of the codefendant's letters suggests that defendant's intoxication argument is fabricated. The codefendant advised defendant to change his statement, stating:

> I just found out some news that may help our case. If we talk to our lawyers and tell them we were intoxicated or something, we can take back our statements and make new ones . . . you have to tell them you thought I was in danger, so you lied and took the blame for shit you didn't do, so Presto wouldn't hurt me. If everyone says the same story there is a strong chance we can go free . . . no one did anything but Presto, so let the truth be known.

11

the brutal homicide when it found aggravating factor one, N.J.S.A. 2C:44-1(a)(1). We have already held on direct appeal the sentence was not excessive. Defendant's attempt to renew his sentencing argument in the guise of an ineffective-assistance-of-counsel claim is unavailing.

Finally, we address defendant's contention the case should be remanded for the appointment of a new PCR counsel. In support of that contention, defendant attributes his failure to provide the requisite affidavits/certifications to the shortcomings of his PCR counsel. That argument lacks sufficient merit to warrant extensive discussion in this opinion. R. 2:11-3(e)(2).

Rule 3:22-6(d) prescribes the duties of PCR counsel, and provides in pertinent part:

> Counsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference.

Accordingly, "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). The remedy for counsel's failure to satisfy Rule 3:22-6(d) is a new PCR hearing. Id. at 376. However,

12

"[t]his relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard." Ibid.

After carefully reviewing the record, we are satisfied that PCR counsel fulfilled her obligations under Rule 3:22-6(d). Counsel appended the handwritten letters from codefendants that defendant relies upon. Those letters suggest an effort among the codefendants to, using Judge Delaney's characterization, "get [their] stories straight." The letters do not suggest innocence. Nor do they lay the foundation for an investigation by defendant's trial or PCR attorneys that might have changed the outcome of the case against defendant.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-2161-19