986 A.2d 690 (2010)
411 N.J. Super. 370
STATE of New Jersey, Plaintiff-Respondent,
v.
Mark HICKS, Defendant-Appellant.
No. A-4338-07T4
Superior Court of New Jersey, Appellate Division.
Submitted December 8, 2009.
Decided January 22, 2010.
*691 Yvonne Smith Segars, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, of counsel and on the brief).
Edward J. DeFazio, Hudson County Prosecutor, attorney for respondent (Nidara Y. Rourk, Assistant Prosecutor, on the brief).
Before Judges SKILLMAN, FUENTES and GILROY.
The opinion of the court was delivered by
FUENTES, J.A.D.
Defendant Mark Hicks appeals from the order of the Law Division, Criminal Part, denying his petition for post conviction relief (PCR). Based on the record before us, we are compelled to remand this matter for a new hearing.
On May 29, 2002, defendant pled guilty to one count of first degree aggravated manslaughter under N.J.S.A. 2C:11-4, as a lesser included offense of murder under N.J.S.A. 2C:11-3(a)(1) or N.J.S.A. 2C:11-3(a)(2), for causing the death of a two-year-old boy.[1]
Consistent with the terms of a negotiated plea agreement between defendant and the State, the court sentenced defendant on August 8, 2002, to a term of fifteen years, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant filed a direct appeal challenging the sentence as excessive. We affirmed the sentence in the context of an Excessive Sentence Oral Argument Calendar. R. 2:9-11. State v. Hicks, A-3420-03 (App.Div. Mar. 9, 2006). The Supreme Court denied defendant's petition for certification. State v. Hicks, 188 N.J. 217, 902 A.2d 1234 (2006).
On October 31, 2006, defendant filed a pro se PCR petition under Rule 3:22-7, alleging ineffective assistance of trial and appellate counsel and claiming that the factual basis he gave was insufficient to support a conviction for aggravated manslaughter. The petition was supported by defendant's pro se brief. On December 4, 2006, the trial court directed the Office of the Public Defender to assign counsel to represent defendant in the prosecution of the petition.
The matter came before the trial court on July 11, 2007. Assigned counsel appeared on behalf of defendant and argued the two bases for relief listed by defendant in his pro se PCR petition and supporting pro se brief. Counsel did not file his own brief in support of defendant's petition, nor is there any indication that counsel personally and independently reviewed defendant's file to ascertain the availability of any other grounds for relief.
After considering the argument of counsel, the trial court denied defendant's petition, finding no legal basis to disturb defendant's conviction and sentence. The court explained its ruling in a comprehensive memorandum of opinion, in which it thoroughly reviewed the record leading to defendant's decision to accept the State's plea offer and the factual basis he gave to sustain his guilty plea to first degree aggravated manslaughter.
Against this record, defendant now appeals, raising the following arguments.
POINT ONE

*692 DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD BE REMANDED WITH INSTRUCTIONS TO THE TRIAL COURT TO ORDER THE OFFICE OF THE PUBLIC DEFENDER TO APPOINT NEW PCR COUNSEL WHO WILL FULFILL HIS OR HER OBLIGATION TO PROVIDE DEFENDANT WITH THE EFFECTIVE ASSISTANCE OF COUNSEL.
POINT TWO
THE FAILURE OF TRIAL COUNSEL TO EXPLAIN THE FULL CONSEQUENCES OF DEFENDANT'S PLEA CAUSED DEFENDANT TO LACK KNOWLEDGE AND UNDERSTANDING OF THE AGREEMENT, RESULTING IN MORE TIME IN PRISON THAN HE EXPECTED, DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
POINT THREE
THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.
As the record clearly shows, PCR counsel's performance here was limited to presenting the arguments identified by defendant in his pro se submissions. There is no evidence that counsel conducted an independent evaluation of defendant's case to determine whether there were other grounds to attack defendant's conviction. Indeed, our own examination of the record leads us to question whether PCR counsel even reviewed the file in this case.
As part of his argument before the trial court in support of defendant's claim of ineffective assistance of trial counsel, PCR counsel made the following statement concerning trial counsel's failure to seek the dismissal of defendant's first degree murder charge.
The first has to do with the failure of his trial attorney to challenge the first [] degree murder charge within the indictment. And the basis for that is, if, in fact, the first [] degree murder charge had been dismissed based on a lack of evidence to support it, then, in fact, ... [defendant] would have had either the opportunity to negotiate a different plea without a murder charge hanging over his head or perhaps chosen to go to trial on an aggravated manslaughter charge without having a murder charge hanging over his head.
And the reason why, Judge, he asserts that claim for a  that it was ineffective not to challenge that indictment is because the charge itself specifies the defendant purposely or knowingly did cause the death of [the child] or purposely or knowingly did inflict serious bodily injury resulting in the death of [the child]. And this case, I'm sure Your Honor recalls, is a shaken baby case and I think that if you look at the facts in this case that there really is nothing within the facts [from] which someone could draw [the conclusion that] the defendant had either the purpose to cause death or even that the acts that he committed were committed with the purpose of causing serious bodily injury.
[ (Emphasis added.) ]
PCR counsel's characterization of the proofs against defendant as a "shaken baby case" reveals a fundamental ignorance of the salient facts underpinning defendant's conviction. As the following excerpt from defendant's testimony at his plea hearing shows, this case was not "a shaken baby" case:
THE COURT: But I must know from your words what you did that day in *693 order to be able to accept the plea. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Not to make you say anything, just to tell me what happened.
THE DEFENDANT: I, on that date and time I struck the child.
THE COURT: What part of your body to what part of his body?
THE DEFENDANT: My hand to his abdomen.
THE COURT: Okay, his stomach?
THE DEFENDANT: Yes, sir.
THE COURT: All right. Was it your hand or your fist, sir?
THE DEFENDANT: My fist, sir.
In our view, assigned counsel's perfunctory performance here failed to meet the standards articulated by the Supreme Court in State v. Webster, 187 N.J. 254, 901 A.2d 338 (2006) and Rule 3:22-6(d). Under these circumstances, we are compelled to remand this matter for a new hearing.
Rule 3:22-6(d) provides, in pertinent part, that PCR "[c]ounsel should advance any grounds insisted upon by defendant notwithstanding that counsel deems them without merit."[2] Because of the importance of the role of counsel, this mandate must be strictly construed by our courts. Pressler, Current N.J. Court Rules, comment on R. 3:22-6(d) (2010) (citing State v. Rue, 175 N.J. 1, 18-19, 811 A.2d 425 (2002)); see also, State v. Webster, supra, 187 N.J. at 257-58, 901 A.2d 338.
To meet this mandate, PCR trial counsel must "communicate with his client and investigate the claims" and "then must `fashion the most effective arguments possible.'" Rue, supra, 175 N.J. at 18-19, 811 A.2d 425 (quoting State v. Velez, 329 N.J.Super. 128, 133, 746 A.2d 1073 (App. Div.2000)). Additionally:
PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
[Webster, supra, 187 N.J. at 257, 901 A.2d 338.]
The remedy for counsel's failure to meet the requirements imposed by Rule 3:22-6(d) is a new PCR proceeding. Rue, supra, 175 N.J. at 4, 811 A.2d 425. This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fritz, 105 N.J. 42, 519 A.2d 336 (1987). Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding.
A review of the cases that have construed Rule 3:22-6(d) illustrates the point. In Rue, the defendant's PCR counsel submitted a brief which did not advance any legal arguments; rather counsel merely *694 "asked for `clarification of the law in the situation in which PCR counsel believes the client's claims are legally meritless, but the client refuses to withdraw the PCR.'" Rue, supra, 175 N.J. at 8, 811 A.2d 425. In the brief ostensibly submitted on behalf of the client, PCR counsel addressed the inadequacies of Rue's PCR petition claims. Id. at 9-10, 811 A.2d 425. Further, at oral argument, Rue's PCR counsel again pointed out the deficiencies in the defendant's PCR claims. Id. at 10-11, 811 A.2d 425. The trial court denied Rue's PCR petition. Id. at 11, 811 A.2d 425.
On appeal, we reversed and remanded for a new PCR hearing based upon PCR counsel's failure to fulfill his obligations under Rule 3:22-6(d). Id. at 12, 811 A.2d 425. Our Supreme Court affirmed, reasoning that "the critical nature of faithful and robust representation of a defendant at a PCR proceeding" necessitates advocating on behalf of defendants during such hearings. Id. at 18-19, 811 A.2d 425. Due to counsel's inadequate performance, the Court found that "Rue's PCR contentions remain, to this day, wholly unexplored," and thus required a remand to the trial court for a new PCR hearing with different counsel. Id. at 19, 811 A.2d 425.
In Webster, the defendant's PCR counsel submitted a brief on his behalf which examined only one of the nine claims presented by Webster in his PCR petition. 187 N.J. at 256, 901 A.2d 338. On appeal, Webster claimed that his counsel's failure to brief and present all nine contentions violated Rule 3:22-6(d) and warranted a reversal. Ibid. The Court agreed. Id. at 258, 901 A.2d 338. By not presenting all of Webster's PCR petition claims, his PCR counsel failed to meet the standard outlined in the Rule, which required the matter to be remanded for a new PCR hearing. Ibid.
Here, defendant's PCR trial counsel's performance failed to meet the standards imposed by Rule 3:22-6(d) because there is no evidence that defendant received the presumed benefits of having his case independently reviewed by a trained legal professional.
In order to give meaning to the requirements of Rule 3:22-6(d), a defendant's pro se presentation should be viewed by counsel as a mere starting point in the process leading to the actual prosecution of the PCR petition. If after reviewing the pro se petition and brief counsel is satisfied that no further argument or elaboration is required, counsel must so certify to the reviewing court. This will provide the court with a reliable indication that defendant has received the benefits of the attorney's expertise. In the absence of such certification, a reviewing court must presume that counsel did not make a meaningful effort to comply with the requirements of Rule 3:22-6(d).
We conclude by emphasizing that our decision to remand for a new hearing in no way implies any criticism of the trial court's ruling here. To the contrary, we are satisfied that the PCR Judge's analysis of the evidence presented to him is unassailable. Our focus is entirely directed at PCR counsel's failure to comply with the requirements of Rule 3:22-6(d), as construed by the Court in Rue and Webster.
Remanded for a new hearing. We do not retain jurisdiction.
NOTES
[1] The victim was the son of defendant's paramour, Youkia Hightower, who pled guilty on February 9, 2001, to one count of second degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), in exchange for her agreement to testify as a witness for the State in the case against defendant.
[2] We cite the 2007 version of the rule because this matter was adjudicated before amendments that took effect on September 1, 2009.