**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0236-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LLEWELYN JAMES, a/k/a
LOUIS JAMES and LOU JAMES,

    Defendant-Appellant.

_____

          Submitted October 18, 2018 – Decided November 1, 2018

          Before Judges Simonelli and O'Connor.

          On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 02-08-2875.

          Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

          Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Assistant Prosecutor, of counsel and on the brief).

          Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Llewelyn James appeals from the July 28, 2017 Law Division order, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following contentions:

> POINT I - THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO INVESTIGATE AND TO PROVIDE DISCOVERY TO DEFENDANT; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR THE PCR COURT TO ADDRESS THESE CLAIMS. (Partially Raised Below).

> POINT II - THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING FOR COUNSEL TO ADVANCE DEFENDANT'S CLAIMS OF TRIAL COUNSELS' INEFFECTIVENESS FOR FAILING TO INVESTIGATE AND PROVIDE DISCOVERY TO HIM. (Not Raised Below).

Defendant raises the following contention in his pro se supplemental brief:

> Point I:

> RESPONDENT'S BRIEF SUPPORTS APPELLANT'S CLAIM THAT A FULL EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED.

2                                                    A-0236-17T4

We reject these contentions and affirm.

Following a jury trial, defendant was convicted on six counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); four counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree attempted murder, N.J.S.A. 2C:11-3(a); two counts of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). On January 25, 2008, the trial court sentenced defendant to an aggregate 315-year term of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed his conviction and sentence. We affirmed. State v. James, No. A-4153-08 (App. Div. Sept. 7, 2012) (slip op. at 33). We incorporate by reference the facts leading to defendant's conviction, as described in our opinion. Id. at 1-10. We note that defendant confessed to the murders in a consensual intercept conversation with his cousin and during a custodial interrogation, and there was other evidence inculpating him in those crimes. Id. at 5-10. The Supreme Court denied defendant's petition for certification. State v. James, 213 N.J. 389 (2013).

On April 29, 2013, defendant filed a PCR petition pro se, raising six grounds for relief, including trial counsels' failure to call defendant's mother, Fern Ferguson, and cousin, Alvin Bethune, as witnesses at trial.

Defendant's assigned PCR counsel filed a brief addressing the grounds for relief defendant asserted in his pro se petition, and adding that the petition was not time-barred under Rule 3:22-12(a)(1) and trial counsel failed to provide the State's discovery to defendant and secure the services of an investigator. Defendant later filed a certification, stating that PCR counsel was ineffective for failing to submit certifications to contest the time bar.

On May 12, 2014, the PCR court denied the petition without an evidentiary hearing, finding the petition was time-barred, procedurally barred, and substantively without merit. Defendant appealed.

On April 13, 2015, defendant's PCR appellate counsel filed a motion to supplement the appellate record with defendant's November 24, 2014 affidavit, wherein defendant claimed that PCR counsel was ineffective for failing to submit affidavits from Ferguson and Bethune to the PCR court, and failing to address trial counsels' failure to call Ferguson and Bethune as witnesses at trial.

PCR appellate counsel filed a brief, arguing the petition was not time barred; defendant established a prima facie case of ineffective assistance of trial

A-0236-17T4

counsel; and PCR counsel failed to advance a claim defendant raised in his petition. Defendant filed a supplemental brief, adding that direct appellate counsel submitted a certification, stating she did not advise defendant of the five-year time bar for a PCR petition. Defendant also argued that PCR counsel failed to obtain an affidavit from direct appellate counsel to contest the time bar, interview and obtain affidavits or certifications from Ferguson and Bethune, and review the discovery with defendant.[1]

We remanded for the appointment of new PCR counsel and a new hearing. State v. James, No. A-5248-13 (App. Div. Dec. 13, 2016) (slip op. at 14).[2] We concluded as follows:

> based on [State v.] Hicks[, 411 N.J. Super. 370 (App. Div. 2010)] and Rule 3:22-6(d), a remand is necessary to enable the PCR court to consider the grounds for relief defendant articulated in [PCR appellate] counsel's merits brief and defendant's supplement brief, as well as defendant's November 24, 2014 affidavit and direct appellate counsel's certification.
>
> Defendant contends he expressly asked PCR counsel to obtain affidavits from Ferguson and Bethune and submit them to the court, but counsel's brief before the PCR court was silent on this issue. Even if PCR counsel believed trial counsel had not been ineffective

---

[1] Defendant raised other arguments that are not pertinent to this appeal.

[2] We affirmed the PCR court's denial of PCR on defendant's sentencing issues. Ibid.

for not calling these two witnesses at trial, he was not free to ignore this claim. See R. 3:22-6(d). He should have certified "no further argument or elaboration" was necessary or, if he did not agree with defendant's claim, should have at least referenced such claim in his brief. Hicks, 411 N.J. Super. at 377.

In addition, there is no indication PCR counsel reviewed the State's discovery. Counsel had a duty to investigate the merits of defendant's claim trial counsels' failure to share this discovery with him or to conduct an investigation fatally altered the outcome of the trial.

We recognize defendant has not come forward with evidence indicating how the outcome of the trial would have been different had the subject witnesses been called, the subject discovery shared with him, and an investigation conducted. However, it is unclear whether defendant has seen the discovery or has had contact with the two witnesses.

On the question whether the petition was timely filed, defendant contends he alerted PCR counsel of the certification direct appellate counsel was willing to execute. That certification and the impact of Rule 3:22-3 must be addressed by PCR counsel in accordance with Hicks and Rule 3:22-6(d).

Finally, we express no opinion on the merits of defendant's application against either trial or PCR counsel. None of the comments or observations made in this opinion are to be interpreted as an indication of how the PCR court should decide this matter on remand.

[Id. at 13-14.]

6

On remand, the PCR court appointed new PCR counsel and afforded counsel time to obtain discovery, provide it to defendant, and prepare for the hearing. Second PCR counsel obtained the discovery and provided it to defendant; defendant reviewed the discovery; and counsel spoke with defendant. Second PCR counsel did not obtain affidavits or certifications from Ferguson or Bethune, deciding instead to rely on their sworn testimony at defendant's Miranda[3] hearing. Second PCR counsel noted that defendant had asked trial counsel "to go out and get these witnesses for trial, thinking that he needed to get them interviewed, but they had already been interviewed and [gave] statements."

Regarding the discovery, second PCR counsel argued that had trial counsel provided it to defendant prior to trial, defendant could have provided trial counsel with methods to challenge the testimony of a State witness who testified that defendant told him he had had killed six people and, if released, would kill his cousin for snitching on him for money.

The PCR court found defendant demonstrated excusable neglect to relax the five-year time bar, but concluded the petition was substantively without merit to warrant an evidentiary hearing. The PCR court determined that second

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0236-17T4

PCR counsel obtained the discovery, provided it to defendant, spoke to defendant, and defendant failed to show how the outcome of the trial or the first PCR petition would have been different had trial counsel reviewed the discovery with him before trial.

The PCR court found that even if trial counsel had called Ferguson or Bethune to testify at trial, defendant failed to show how the outcome would have been different. The PCR court also found that defendant did not indicate the facts to which Ferguson and Bethune would have testified. As to defendant's remaining arguments, the court found defendant failed to demonstrate a prima facie case of ineffective assistance of trial or first PCR counsel.

On appeal, defendant argues this matter must be remanded because the PCR court and second PCR counsel failed to address his claims as to trial counsels' failure to call Ferguson and Bethune to testify at trial and review discovery with him. We disagree.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). However, where no evidentiary hearing was conducted, we "may review the factual inferences the court has drawn from the documentary record de novo."

A-0236-17T4

State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).  We also review de novo the trial court's conclusions of law.  Ibid.

We have considered defendant's argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  The PCR court and second PCR counsel addressed defendant's claims as to trial counsel's failure to call Ferguson and Bethune to testify at trial.  The PCR court concluded that defendant failed to show the outcome would have been different had they testified.  While the PCR court did not directly address trial counsels' failure to review discovery with defendant, the court determined that defendant had reviewed the discovery with second PCR counsel and failed to show how the outcome would have been different.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0236-17T4