**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5412-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAZEAR MULDROW,

    Defendant-Appellant.

_____

Submitted November 28, 2018 – Decided December 18, 2018

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-07-1361.

Joseph E. Krakora, Public Defender, attorney for appellant (Janet A. Allegro, Designated Counsel, on the briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Counsel, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a June 28, 2017 order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was charged with first-degree conspiracy to commit murder, N.J.S.A. 2C:11-3(a) and N.J.S.A. 2C:5-2; first-degree murder, N.J.S.A. 2C:11-3(a); first-degree attempted murder, N.J.S.A. 2C:11-3(a) and N.J.S.A. 2C:5-1; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); first-degree witness tampering, N.J.S.A. 2C:28-5(a); first-degree attempted witness tampering, N.J.S.A. 2C:28-5(a); second-degree conspiracy to commit witness tampering, N.J.S.A. 2C:28-5(a) and 2C:5-2; and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

The State moved pre-trial to admit evidence of defendant's gang affiliation at trial.[1] Defendant opposed the motion. The trial judge issued a comprehensive written decision allowing evidence of defendant's gang membership to be admitted at trial. Based on the trial judge's ruling, defendant pleaded guilty to

_____

[1] We need not summarize the facts leading to defendant's conviction. The basis for defendant's petition is PCR counsel's failure to advance all arguments on defendant's behalf in the PCR brief and at the hearing.

A-5412-16T3

one count of first-degree conspiracy to commit murder.  On the plea form, defendant did not reserve the right to appeal the judge's gang evidence ruling

Defendant was sentenced to seventeen years in prison subject to an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a five-year period of parole supervision upon release. Defendant's sentence was affirmed at a Sentence Only Argument (SOA) calendar.

On April 8, 2016, defendant filed a pro se petition for PCR.  Defendant's assigned counsel filed a supplemental brief in support of defendant's petition, asserting defendant's trial counsel improperly informed defendant that evidence of his gang affiliation would be admissible at trial.  The State submitted a brief in opposition to defendant's PCR petition, which included a copy of the trial court's twenty-six page decision, allowing evidence of defendant's gang membership at trial.

The PCR judge heard argument on June 28, 2017.  Knowing evidence of defendant's gang membership was deemed admissible by the trial judge and not a misstatement of the law by trial counsel, PCR counsel told the judge he had no additional arguments and relied on the argument advanced in his PCR brief. The judge denied the PCR petition, concluding defendant's argument was

A-5412-16T3

procedurally barred in accordance with <u>Rule</u> 3:22-4(a) as the issue related to a trial error that could have been raised on direct appeal. The judge also rejected defendant's argument that he would not have pleaded guilty absent his trial counsel improperly advising him that evidence of his gang affiliation would be admissible at trial. The judge concluded defendant's trial counsel gave correct legal advice supported by the trial judge's ruling on the admissibility of defendant's gang membership. The judge found defendant failed to satisfy the two-prong test for ineffective assistance of counsel established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987).

On appeal, defendant argues:

> SINCE THE DEFENDANT FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM POST-CONVICTION RELIEF COUNSEL, THE MATTER SHOULD BE REMANDED TO THE TRIAL COURT TO ASSIGN NEW POST-CONVICTION RELIEF COUNSEL TO REPRESENT HIM, TO PERMIT THE FILING OF SUPPLEMENTAL SUBMISSIONS ON HIS BEHALF, AND TO CONDUCT A NEW HEARING RELATING THERETO (Not raised below).

Defendant claims his PCR counsel was ineffective because counsel raised only one argument in the PCR petition and was unaware the argument had been rejected by the trial judge. Defendant also contends that once PCR counsel

4

realized the trial court allowed evidence of defendant's gang affiliation, PCR counsel failed to raise other arguments in support of the PCR application. Defendant argues PCR counsel's representation was utterly lacking, constituting no representation at all.

This appeal requires our review of two separate standards. One standard governs a claim of ineffective assistance as to trial counsel. The other standard governs a claim of ineffective PCR counsel.

To establish a prima facie claim of ineffective assistance of trial counsel, a defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58.

The performance of PCR counsel is examined under a different standard than the standard applicable to review of trial counsel's performance. With respect to a claim of ineffective PCR counsel, the Supreme Court has held:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a

particular claim raised by defendant, no argument need be made on that point.

[State v. Webster, 187 N.J. 254, 257 (2006).]

The relief afforded to a defendant based on ineffective PCR counsel is a new PCR hearing. See State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). In Hicks, we noted, "relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." Ibid. (citations omitted). Whether PCR counsel met the obligations under Rule 3:22-6(d) is distinct from a claim of ineffective assistance of counsel under Strickland. Ibid.

Here, PCR counsel filed a brief raising the argument insisted upon by defendant in accordance with Rule 3:22-6(d). "[A]s in any case in which a brief is filed, [PCR] counsel may choose to stand on it at the hearing, and is not required to further engage in expository argument." Webster, 187 N.J. at 257. As the Court noted in State v. Rue, 175 N.J. 1, 19 (2002), "[i]n some cases, the record will give PCR counsel a wealth of grist for his or her mill, in some cases, not." It is the obligation of PCR counsel to "advance all of the legitimate arguments that the record will support." Webster, 187 N.J. at 257.

6

Defendant argues his PCR counsel failed to comply with his obligations under Rule 3:22-6(d) by raising additional arguments in the PCR brief, entitling defendant to new counsel and a new PCR hearing. Defendant provides no evidence that PCR counsel failed to discharge his responsibilities under Rule 3:22-6(d). Defendant provided no certification describing his interactions with PCR counsel, whether PCR counsel met with defendant to discuss the case, and the information or suggestions defendant provided to his PCR counsel. Although defendant argues his PCR counsel's performance was deficient, he fails to identify a single meritorious claim supporting his PCR petition that PCR counsel should have advanced to the PCR court.

There is no proffer demonstrating PCR counsel could have fashioned more effective arguments than the argument he presented in the PCR brief. Nor does defendant identify any specific arguments he believes should have been made or advanced by his PCR counsel. On this record, PCR counsel was not ineffective.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-5412-16T3