**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3622-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERENCE OUSLEY,

     Defendant-Appellant.

_____

> Submitted November 9, 2021 – Decided November 19, 2021
>
> Before Judges Haas and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 17-02-0208.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Terence Ousley appeals from the Law Division's December 6, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

An Ocean County grand jury indicted defendant for first-degree armed robbery, second-degree burglary, and second-degree aggravated assault. Defendant subsequently pled guilty to an amended charge of second-degree conspiracy to commit armed robbery, and the trial court sentenced him to ten years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and a three-year term of parole supervision upon release.

On direct appeal, defendant challenged the sentence, and we considered the matter on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11. In an April 11, 2018 order, we affirmed defendant's sentence, and the Supreme Court denied certification. State v. Ousley, 235 N.J. 186 (2018).

Shortly thereafter, defendant filed a timely PCR petition arguing that his trial counsel provided ineffective assistance. Defendant's assigned PCR counsel submitted a brief on defendant's behalf and argued that the trial attorney: (1) failed to argue at sentencing that the trial court was incorrectly "double counting" the aggravating factors; and (2) neglected "to file several motions

prior to [defendant's] plea challenging the identification made by one of the witnesses."

In further support of the petition, defendant filed a one-page "supplemental brief" in which he argued that his trial attorney should have requested a Wade[1] hearing. In his submission, defendant asserted he had seen a DVD of the victim's interview with the police and believed it cast doubt on her credibility. Defendant further alleged that a police officer gave inaccurate information about the victim's statement to the grand jury.

Following oral argument,[2] the PCR judge rendered a written decision[3] denying defendant's PCR petition. The judge found that defendant's arguments about his sentence were raised and rejected on direct appeal, and were procedurally barred by Rule 3:22-4. The judge further ruled that defendant was not entitled to a Wade hearing because he failed to "specify any potentially meritorious challenges to the identification he could have raised."

For the first time on appeal, defendant argues:

---

[1] United States v. Wade, 388 U.S. 218 (1967).

[2] In addition to hearing from defendant's attorney, the trial court permitted defendant to participate on his own behalf at oral argument.

[3] In its decision, the court stated it had considered defendant's supplemental brief.

3

THIS MATTER MUST BE REMANDED FOR THE APPOINTMENT OF NEW PCR COUNSEL AS SUPPORT WAS NOT PROVIDED FOR ANY OF THE ARGUMENTS RAISED BY [DEFENDANT] IN HIS SUPPLEMENTAL BRIEF REGARDING THE IDENTIFICATIONS MADE BY [THE VICTIM], OR THE CONTRADICTORY TESTIMONY OF A POLICE OFFICER AT THE GRAND JURY, LEAVING THE PCR COURT UNABLE TO PROPERLY ADDRESS TRIAL COUNSEL'S FAILURE TO FILE A WADE MOTION. (Not Raised Below).

Defendant has not supported his newly-minted allegations against his PCR attorney with a sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance." See, e.g., State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nor has defendant specifically challenged the PCR judge's findings, and his sole argument on appeal does not even implicate trial counsel's performance.

Instead, defendant seeks a remand for a new PCR proceeding "so that [defendant] has a first opportunity to raise his arguments, provide supporting evidence, and provide the court with [the victim's] DVD statement and the transcript of the grand jury." For the following reasons, we decline to order such a remand.

Rule 3:22-6(d) requires PCR counsel to "advance all of the legitimate arguments requested by the defendant that the record will support," and "[i]f

A-3622-19

[the] defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit," then PCR counsel must "list such claims in the petition . . . or incorporate them by reference."  The Rule requires PCR counsel to "communicate with his client," "investigate the claims," and "then . . . 'fashion the most effective arguments possible.'"  State v. Hicks, 411 N.J. Super. 370, 375 (App. Div. 2010) (quoting State v. Rue, 175 N.J. 1, 18 (2002)).  If PCR counsel fails to meet Rule 3:22-6(d)'s requirements, the remedy is a new PCR proceeding.  Id. at 376.  Such a new proceeding is predicated solely on the Rule, not on ineffective assistance of counsel.  Ibid.

However, we cannot conclude on this record that PCR counsel violated Rule 3:22-6(d).  Defendant has not provided a certification detailing his interactions with PCR counsel or stating whether they ever met to discuss defendant's case, and further failed to provide any competent evidence that PCR counsel did not otherwise communicate with defendant, investigate claims, and proffer the most effective arguments.  See Hicks, 411 N.J. Super. at 375.  While defendant continues to argue that the DVD he viewed of the victim's statement to the police and the grand jury transcript are critical to his current contentions, these two items are not part of the appellate record.  We therefore cannot find that a new PCR proceeding is necessary based on a violation of the Rule.

In sum, defendant's claim that his PCR counsel violated Rule 3:22-6(d) is founded on facts that exist outside the record on appeal. We express no opinion on those claims because they must be first raised in an appropriate application to the trial court. See R. 3:22-4(b)(2)(C) (providing a timely second PCR petition will not be dismissed if it "alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3622-19