**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2829-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DESMOND D. GRIER,

     Defendant-Appellant.

_____

Submitted October 18, 2021 – Decided December 3, 2021

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 15-10-0493.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Kristin J. Telsey, Acting Salem County Prosecutor, attorney for respondent (David Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Desmond D. Grier appeals from the December 9, 2019 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2016, defendant was convicted by a jury of having committed third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1). He was sentenced in the extended term to eight-years. Defendant appealed his conviction and sentence, arguing the following two points:

> POINT I
>
> THE TRIAL COURT VIOLATED [DEFENDANT'S] SIXTH AMENDMENT RIGHT TO COUNSEL BY FAILING TO HOLD A HEARING ON WHETHER [DEFENDANT] WAS COMPET[E]NT TO SERVE AS HIS OWN ATTORNEY. ACCORDINGLY, [DEFENDANT'S] CONVICTION MUST BE REVERSED AND THE MATTER REMANDED FOR A NEW TRIAL. U.S. CONST., AMENDS. VI AND [XIV]; [N.J.] CONST., ART. 1, ¶10. (NOT RAISED BELOW)
>
> POINT II
>
> [DEFENDANT'S] SENTENCE MUST BE VACATED AND THE CASE REMANDED FOR RESENTENCING BECAUSE THE TRIAL COURT ENGAGED IN IMPERMISSIBLE JUDICIAL FACT-FINDING WHEN IT IMPOSED AN EXTENDED TERM SENTENCE ON [DEFENDANT'S] CONVICTION FOR POSSESSION OF COCAINE IN VIOLATION OF THE SIXTH AMENDMENT OF

THE UNITED STATES CONST[ITUTION]. (NOT RAISED BELOW)

[State v. Grier, A-2408-16 (App. Div. Mar. 6, 2018) (slip op. at 4).]

We affirmed in an unpublished opinion. Id. slip op. at 2. The Supreme Court denied defendant's petition for certification. State v. Grier, 235 N.J. 312 (2018).

For our purpose, the facts leading to defendant's conviction need not be repeated here.

On February 7, 2019, defendant filed his first PCR pro se petition in which he raised the same arguments he raised on direct appeal and added that his sentence should be vacated because of trial counsel's ineffective assistance as demonstrated by "counsel['s] fail[ure] to raise an argument for a mistrial after [the] jury failed to reach a unanimous decision on two accords." In a supplemental brief filed by counsel that incorporated defendant's earlier contentions, defendant also argued that trial counsel failed to file a motion to suppress "because any bench warrant issued was issued without jurisdiction and because police officers did not . . . have probable cause to arrest and search."

On December 9, 2019, the PCR judge denied defendant's petition, setting forth her reasons in a comprehensive, eleven-page written decision.

On appeal, defendant raises only the following argument:

POINT I

THIS MATTER MUST BE REMANDED FOR THE APPOINTMENT OF NEW PCR COUNSEL AS SUPPORT WAS NOT PROVIDED FOR ANY OF THE ARGUMENTS RAISED BY [DEFENDANT] IN HIS PRO SE PETITION, LEAVING THE PCR COURT UNABLE TO PROPERLY ADDRESS THOSE ISSUES.

According to defendant, the PCR judge "could not grant an evidentiary hearing or even properly render an opinion . . . because PCR counsel failed to" address and supplement defendant's pro se arguments and "simply threw a line in his brief" stating that defendant seeks relief from his judgment of conviction "'for the reasons enumerated in his previously filed pro se petition.'" He also contends that he did not have the opportunity to supplement his pro se arguments at oral argument because his PCR counsel waived his appearance at the hearing. Also, he asserts that PCR counsel "failed to subject the prosecution's case to meaningful adversarial testing" and that his representation "amount[ed] to no representation at all." As an example, defendant points to PCR counsel's alleged incorrect assertions regarding the validity of the warrant that led to defendant's arrest and subsequent search.

A-2829-19

In addition, defendant cites to <u>State v. Hicks</u>, 411 N.J. Super. 370, 377 (App. Div. 2010) and argues that the lack of certification by the PCR counsel requires a presumption that "counsel did not make a meaningful effort to comply with the requirements of [<u>Rule</u>] 3:22-6[d]." In support, defendant suggests that PCR counsel did not communicate with him to "develop arguments and provide details" to support the PCR application. As a result, defendant concludes, the PCR judge "penalized" him by denying his petition because "his PCR counsel failed to properly argue his pro se issues with supporting evidence."

We conclude from our review that defendant's arguments on appeal do not challenge the PCR judge's determination of his petition, other than to raise issues about PCR counsel's failure to represent him adequately. Moreover, it appears that some if not all of defendant's contentions rely upon "allegations and evidence that lie outside the . . . record." <u>State v. Preciose</u>, 129 N.J. 451, 460 (1992). Such claims are not amenable to review by us and, as provided in <u>Rule</u> 3:22-4(b)(2)(c), they are best considered in the first instance in a second PCR petition. For that reason, we will not consider them now.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

5