**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0349-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DA'RON D. HOWARD, a/k/a
DERRON HUGGINS,

    Defendant-Appellant.

_____

Submitted March 19, 2024 – Decided April 19, 2024

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-05-0378.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Da'Ron Howard appeals from an order of August 11, 2021 denying his petition for post-conviction relief (PCR). However, the contentions in his appellate brief focus on PCR counsel's conduct rather than the trial court's order and decision. Since the record on appeal is insufficient to enable this court to review these contentions, we are constrained to dismiss the appeal.

On appeal, defendant contends:

> THIS CASE MUST BE REMANDED FOR NEW PCR COUNSEL AND A NEW PCR HEARING BECAUSE PCR COUNSEL FAILED TO REPRESENT [DEFENDANT], RENDERING HIS FIRST PCR PETITION MEANINGLESS.

Specifically, defendant contends his PCR counsel was ineffective because PCR counsel: (1) failed to discuss the issues to be raised in the PCR; (2) failed to "fashion the most effective arguments possible"; and (3) failed to explain sentencing counsel's omission of applicable mitigating factors at the sentencing hearing.

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-0349-22

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). "[PCR] provide[s] a built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"[T]he right to the effective assistance of counsel extends to PCR counsel." State v. Vanness, 474 N.J. Super. 609, 626 (App. Div. 2023) (citing State v. Rue, 175 N.J. 1, 18-19 (2002)). Rule 3:22-6(d) requires PCR counsel to "advance all of the legitimate arguments requested by the defendant that the record will support," and "[i]f [the] defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit," then PCR counsel must "list such claims in the petition . . . or incorporate them by reference." The rule requires PCR counsel to "communicate with his [or her] client," "investigate the claims," and "then . . . 'fashion the most effective arguments possible.'" Rue, 175 N.J. at 18 (quoting State v. Velez, 325 N.J. Super. 128, 133 (App. Div. 2000)). "The remedy for counsel's failure to meet the requirements imposed by Rule 3:22-6(d) is a new PCR proceeding." Vanness, 474 N.J. Super. at 626-27 (citing State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010)).

A-0349-22

A defendant's claim of ineffective assistance of PCR counsel is "better suited for a PCR petition," as opposed to a direct appeal, when there are "extensive proofs outside the record." State v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016) (citing R. 3:22-12(a)(2) and R. 3:22-4(b)). See also Vanness, 474 N.J. Super. at 627 (Observing "[a] defendant's ineffective assistance of counsel claims against PCR counsel ordinarily should be raised in a second or subsequent PCR petition" but nevertheless considered "defendant's contentions on the merits" because "the record [wa]s sufficiently developed.").

Here, defendant requests "the matter be remanded so that [he] can raise his first PCR petition anew with new counsel who will communicate with him, raise viable issues and effectively advocate for his client."

We recognize defendant raised concerns regarding his PCR counsel at the PCR evidentiary hearing. We also recognize that PCR counsel provided rebuttal to defendant's ineffective assistance claims. Nonetheless, on this scant record, we are unable to determine the merits of defendant's contentions against his PCR. Thus, we are constrained to dismiss the appeal. We take no position regarding the filing of a subsequent PCR against defendant's PCR attorney.

Dismissed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0349-22