**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3705-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHANIQUA A. PIERRE, a/k/a
SHEEK,

    Defendant-Appellant.

_____

Submitted May 13, 2025 – Decided August 1, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-02-0440.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shaniqua A. Pierre appeals from the denial of her petition for post-conviction relief (PCR) without a hearing claiming ineffective assistance of PCR counsel (IAC). After our review of the record and applicable legal principles, we affirm.

I.

In February, 2011, defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree kidnapping, N.J.S.A. 2C:13-1(b); first-degree conspiracy to commit murder/kidnapping, N.J.S.A. 2C:5-2(a)(1)(2), 11-3(a)(1) or (2) and/or 11-1(b); third degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree hindering, N.J.S.A. 2C:29 3(a)(3); and fourth-degree hindering, N.J.S.A. 2C:29-3(b)(1). On August 29, 2011, defendant pled guilty to an amended count of first-degree aggravated manslaughter.

Prior to sentencing, defendant moved to withdraw her guilty plea. The trial court denied defendant's motion and sentenced her to a twenty-five-year term of imprisonment under the No Early Release Act, N.J.S.A. 2C:43-7.2, imposed fines and penalties, and dismissed the remaining counts in accordance with the plea agreement.

After hearing defendant's appeal of her sentence on the Excessive Sentence Oral Argument Calendar, we remanded to the trial court to permit defendant "to renew her motion to withdraw her guilty plea pursuant to State v. Slater, 198 N.J. 145 (2009), with supporting medical records and any other appropriate amplified proofs." State v. Pierre, No. A-2225-11 (App. Div. Nov. 13, 2012) (Pierre I). On January 10, 2014, the trial court denied defendant's motion to withdraw her plea.

In 2015, defendant filed her first petition for PCR, which was denied on October 15, 2015 after an evidentiary hearing. We affirmed the first PCR judge's denial order. State v. Pierre, No. A-1155-15 (App. Div. Nov. 15, 2017) (slip op. at 6) (Pierre II).

In March 2022, defendant filed a second PCR petition. Defendant contended her first PCR counsel was ineffective for failing to raise claims that trial counsel was ineffective both at the plea stage and at sentencing by failing: (1) to properly investigate; and (2) to retain an expert to present evidence and provide an opinion that defendant suffered from bipolar and schizoaffective disorder, had the characteristics of a youthful offender, and had a history of sexual abuse. She also raised claims that trial and appellate counsel were ineffective on the same bases as set forth above, her plea lacked a factual basis,

trial counsel was ineffective for failing to acknowledge exculpatory evidence, and the trial court was biased.

The PCR judge denied defendant's petition in an oral decision, followed by a written order. In her decision, the judge initially denied defendant's petition as being procedurally time-barred then followed with a denial of the petition on its merits. We address only the provisions of the PCR judge's denial order which are the subject of this appeal.

Regarding the timeliness of defendant's petition, the judge noted defendant's first petition was denied on October 6, 2015 and her current petition was not filed until March 16, 2022, over six years later. The judge also recognized her self-represented petition was dated September 30, 2021. The judge determined defendant's second petition was filed beyond the one-year time limitation imposed by Rules 3:22-4 and 3:22-12(a)(2).

Despite the time bar, the judge ruled on the merits that plea counsel was not ineffective during plea negotiations nor during sentencing. The judge determined if defendant proceeded to trial on all eleven charges and was convicted, she would have faced "a mandatory minimum sentence of [sixty] years on [c]ounts [one] and [four] alone." The judge also recognized that the State was aware of defendant's age during plea negotiations and that plea counsel

4

obtained an extremely favorable plea agreement given defendant's sentencing exposure. The PCR judge further found:

> Despite the enaction of this new mitigating factor in 2020 that addresses youthful defendants who were— like this defendant who were sentenced in 2011 for an offense committed when she was [eighteen]-years-old, the New Jersey Supreme Court's holding in [State v.] Lane[, 251 N.J. 84, 97 (2002)] requires prospective application of [this] [m]itigating [f]actor[,] [t]hus, this defendant is not entitled to re-sentencing on that basis.

The PCR judge also referenced our Supreme Court's holding in State v. Arthur, 184 N.J. 307, 318 (2005), finding: "By arguing that plea counsel should have made extremely specific arguments about this defendant's adverse childhood experiences and mental health during plea negotiations, [defendant] asked this [c]ourt to scrutinize counsel's performance under the 'distorting effects of hindsight,' which the New Jersey Supreme Court has instructed PCR courts to avoid." Based on this analysis, the judge concluded trial counsel was not ineffective in relation to plea negotiations and PCR counsel's strategic choice not to raise this issue was not IAC.

As to counsel's performance at the time of sentencing, the PCR judge found that trial counsel was not ineffective, noting that even if counsel had presented the purported evidence and expert opinion, defendant was not prejudiced as her sentence would not have been different. The judge also found

5

at the time of sentencing that counsel argued for the application of a multitude of mitigating factors to lessen her sentence. For these reasons, the court found defendant's first PCR counsel was not ineffective. In accordance with these findings, the judge determined defendant was not entitled to an evidentiary hearing.

On appeal, defendant challenges the denial of PCR, arguing a single point:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT HER [FIRST] PCR ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THE ISSUE THAT TRIAL COUNSEL WAS INEFFECTIVE PRETRIAL AND AT SENTENCING BY FAILING TO INVESTIGATE AND PRESENT DOCUMENTARY EVIDENCE OF AND AN EXPERT OPINION ON THE EFFECTS OF [DEFENDANT'S] MENTAL HEALTH, YOUTHFULNESS, AND PRIOR HISTORY OF ABUSE SO THAT [HER] SENTENCE WOULD HAVE BEEN LOWER.

Defendant contends the PCR judge committed error by finding her petition was time barred arguing "the constitutional problem of ineffective assistance of counsel was of sufficient import to call for a relaxation of the rule, as the length of [defendant's] sentence would have been lower had trial counsel adequately investigated her background and presented an expert both pretrial

6

and at sentencing."   Defendant asserts "the [PCR] judge thought that these claims were important enough to warrant a merits review" and "because this claim against [defendant's first] PCR counsel is of sufficient import to be ruled on, it should not be procedurally barred."   Defendant cited State v. Hannah, 248 N.J. 148 (2021) in support of her arguments, asserting our Court allowed "untimely successor petitions because '[o]ur jurisprudence makes clear that our [r]ules of [c]ourt governing post-conviction relief petitions [] do not render our courts powerless to correct a fundamental injustice.'"

Concerning the PCR judge's denial on the merits, defendant asserts she made a prima facie claim that her first PCR counsel rendered IAC when he failed to raise the issue that trial counsel was ineffective by not investigating, presenting documentary evidence or retaining an expert to support a lesser sentence as part of the negotiated plea agreement.  Defendant asserts the record shows that trial counsel failed to obtain relevant mental health records and retain an expert despite her client's documented history of mental illness.  Defendant also asserts counsel failed to adequately investigate defendant's limited brain development and history of sexual abuse.

Defendant concludes by asserting "had counsel investigated adequately as to her client's mental health records, history of sexual abuse, and the limitations

7

of a youthful brain, and retained an expert, the negotiated plea likely would have been to a lower sentence." She posits the second PCR judge erred by not granting an evidentiary hearing.

II.

When a PCR court does not conduct an evidentiary hearing, we review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

Rule 3:22-4(b) and Rule 3:22-12(a)(2) govern time limits for filing subsequent petitions for PCR. Because this was not defendant's first PCR petition, Rule 3:22-12(a)(2) applied. The Rule states:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

[R. 3:22-12(a)(2).]

Rule 3:22-4(b)(1) requires dismissal of a second or subsequent petition if not timely filed under Rule 3:22-12(a)(2).

## A.

We conclude the PCR judge did not commit error by barring defendant's second PCR petition under Rule 3:22-12(a)(2) based on its untimely filing over six years after her conviction.

In addition, we agree with the PCR judge that defendant did not raise any newly recognized constitutional claims nor meet any of the other exceptions under Rule 3:22-12(a)(2)(A-C) to relax its time limitations. We find no merit to defendant's argument that because the PCR judge made alternative findings on the merits, by inference, she has successfully raised a valid constitutional claim requiring relaxation of the time limitations. Defendant's argument is not

supported by the explicit terms of the above cited rule and therefore, we reject it as factually and legally incorrect.

## B.

We further conclude the PCR judge's denial of defendant's petition on the merits was not error. Claims of IAC concerning PCR counsel are governed by a separate standard than IAC claims against trial counsel. "[PCR] relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard as Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010).

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

A-3705-22

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." Hicks, 411 N.J. Super. at 376 (citing State v. Rue, 175 N.J. 1, 4 (2002)).

"[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." State v. Fritz, 105 N.J. 42, 54 (1987) (quoting State v. Williams, 39 N.J. 471, 489 (1963)). There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984).

We note, in our prior remand to determine if defendant was entitled to withdraw her guilty plea, a hearing was held where defendant testified and produced expert testimony related to her mental health conditions. After the hearing, the trial court denied defendant's motion. In defendant's appeal of that denial order, we emphasized that:

> The trial court on remand denied defendant's motion to withdraw her guilty plea and reaffirmed his findings of aggravating and mitigating sentencing factors in support of the sentence imposed. The judge did not believe defendant's testimony. He found that although she claimed to have stopped taking her medication, defendant exhibited no decompensating symptoms during the plea allocution, which had been video recorded.

A-3705-22

Defendant did not file a direct appeal, but, instead, filed a [self-represented] petition for [PCR]. She alleged trial counsel provided [IAC] by failing to psychiatrically evaluate defendant and assert a diminished capacity defense. Defendant claimed that she would not have pled guilty had counsel performed adequately.

PCR counsel was appointed and filed an extensive brief in support of the petition raising other arguments, including trial counsel's failure to file a direct appeal following the remand hearing and trial counsel's concession during the remand hearing that defendant did not assert a "colorable claim of innocence." See Slater, 198 N.J. at 158-59. The PCR judge, who was not the trial judge, granted defendant an evidentiary hearing.

[Pierre II, slip op. at 2-3.]

At the evidentiary hearing held by the first PCR court, defendant testified and called Dr. Kenneth Weiss, a forensic psychiatrist, and trial counsel as witnesses. Id. at 4. Defendant again stated that she never took her medications and sold them inside the jail instead. Ibid. Dr. Weiss concluded that at the time of her guilty plea, defendant's "mental state was impaired to the point that the waiver of rights and [her] guilty plea, were neither knowing, intelligent nor voluntary." Ibid.

Defendant's trial counsel also testified at the hearing. She stated that the "[s]tate's evidence against defendant was very strong, and she urged defendant

12

to accept the plea bargain." Ibid. She testified she never sought defendant's medical records until defendant filed her pro se motion to withdraw her guilty plea, and she thought that was "a terrible idea and so advised defendant," Id. at 4-5. Counsel stated she believed defendant had no "colorable claim of innocence" and acknowledged conceding that point during the remand hearing, arguing instead that defendant's guilty plea was "not voluntarily given." Ibid. Counsel testified she was not "excited about bringing [the expert] before the court." Ibid. Lastly, counsel acknowledged that she did not file a direct appeal following the remand, but stated defendant never asked her to do so. Ibid.

In affirming the first PCR judge's denial, we determined the judge had found defendant and Dr. Weiss were not credible witnesses, defendant's trial counsel was credible and defendant voluntarily and knowingly pled guilty. Ibid. We further noted that the judge conducted her own analysis of the Slater factors and rejected any claim defendant should be permitted to withdraw her guilty plea and further rejected that trial counsel's performance was deficient. Ibid.

Trial counsel's testimony at the first PCR hearing clearly exhibited the strategic basis for her actions. She appropriately weighed the strength of the proposed expert opinion regarding her age and mental health conditions against defendant's sentencing exposure for the crimes which she was charged.

13

Defendant's current IAC claim is essentially identical to the contention we rejected in affirming the denial of her first PCR petition. Specifically, we affirmed the PCR judge's determination that trial counsel's strategic decisions and performance were not deficient including counsel's decision to not obtain an expert opinion regarding defendant's alleged mental health issues. See Pierre II, slip op. at 3-4.

We further conclude defendant's remaining legal arguments not addressed herein lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division