**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0303-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS R. GARCIA, a/k/a
RICO GARCIA, LOUIS LUISITO,
and LOUIS GARCIA,

     Defendant-Appellant.

_____

Argued March 19, 2024 – Decided March 26, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 13-01-0043.

Peter Thomas Blum, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Peter Thomas Blum, of counsel and on the briefs).

Gretchen Anderson Pickering, Deputy First Assistant Prosecutor, argued the cause for respondent (Jeffrey H. Sutherland, Cape May County Prosecutor, attorney;

Gretchen Anderson Pickering, of counsel and on the brief).

PER CURIAM

Defendant Luis R. Garcia's notice of appeal states that he is challenging the Law Division's July 6, 2021 order denying his petition for post-conviction relief (PCR). In his appellate brief, however, defendant barely mentions that order or the trial court's comprehensive twenty-nine page written decision setting forth the court's findings of fact and conclusions of law.

Instead, defendant raises three arguments concerning the conduct of the attorney who represented him at the PCR proceeding. He did not present any of these arguments to the trial court for consideration. Because the record on appeal is insufficient to enable this court to review these contentions, we are constrained to dismiss the appeal and remand the matter for further proceedings.

We incorporate herein the procedural history and facts set forth in our decision affirming defendant's convictions[1] for armed robbery, aggravated

---

[1] Defendant was tried with two co-defendants, Alexander Ruiz-Negron and Ramon D. Ruiz-Perez, who were also convicted of robbery and other offenses. Defendant and his co-defendants filed separate appeals, which we consolidated for purposes of our opinion. State v. Ruiz-Negron, Nos. A-1993-14, A-2903-14, and A-5473-14 (App. Div. Mar. 10, 2017), certif. denied, 231 N.J. 108 (2017), 231 N.J. 118 (2017), 231 N.J. 120 (2017).

A-0303-21

assault, and other offenses.[2]  In June 2019, defendant filed a pro se petition for

PCR.  In one of the point headings for this submission, defendant stated:

> PETITIONER CONTENDS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL . . . DUE TO FACT [SIC] THAT THEY BOTH FAILED TO RAISE CLAIMS THAT THE FACTUAL BASIS OF PETITIONER[']S CONVICTION OF ROBBERY WAS INSUFFICIENT TO SUPPORT A CONVICTION OF ROBBERY OR WEAPON OFFENSES.
>
> [(first alteration in original).]

In another point heading, defendant wrote:

> PETITIONER STATES THAT HIS TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO PROVIDE THE COURT WITH MITIGATING EVIDENCE AS OUTLINED IN [N.J.S.A.] 2C:44-1[(b)(11)]  . . . TO MITIGATE PETITIONER[']S SENTENCE[.]
>
> [(third alteration in original).]

Because defendant's sentencing appeal was still pending, the trial court

dismissed the petition without prejudice.  Defendant refiled the petition in

September 2019.

---

[2]  We twice remanded the matter to the trial court for resentencing.  On the final remand, the court imposed an aggregate thirty-five-year extended prison term, subject to the No Early Release Act.  N.J.S.A. 2C:43-7.2.

The Office of the Public Defender assigned a PCR attorney to represent defendant. The record on appeal contains no information concerning any discussions between the PCR attorney and defendant. The PCR attorney prepared and filed a motion to compel the production of discovery. The PCR attorney also filed an amended verified petition for PCR and a fifty-nine-page brief in support of the petition raising numerous arguments on defendant's behalf. The brief did not discuss or mention the two point headings that defendant raised in his initial pro se petition concerning the sufficiency of the trial evidence and mitigating factor eleven.

Defendant thereafter filed a new pro se submission. In his supplemental brief, defendant also did not include a sufficiency of the evidence argument and did not raise any contention concerning mitigating factor eleven.

Following oral argument, the trial judge rendered a written decision denying all of defendant's contentions in the PCR attorney's brief and in defendant's supplemental brief. This appeal followed.

On appeal, defendant raises the following arguments for the first time:

POINT I

[DEFENDANT] SHOULD HAVE NEW PCR PROCEEDINGS BECAUSE ASSIGNED COUNSEL HAD A CONFLICT OF INTEREST DUE TO HER PRIOR REPRESENTATION OF A CO-DEFENDANT

4

IN THIS CASE. U.S. CONST. AMEND. XIV, VI; N.J. CONST. ART. I, PARA 10.

POINT II

[DEFENDANT] SHOULD HAVE NEW PCR PROCEEDINGS BECAUSE PCR COUNSEL NEVER ADVOCATED - - AND THE COURT NEVER CONSIDERED - - THE ARGUMENT IN [DEFENDANT'S] PRO SE PETITION THAT TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO ARGUE THE INSUFFICIENCY OF THE TRIAL EVIDENCE. U.S. CONST. AMEND. VI, XIV; N.J. CONST. ART. I, PARA. 1, 10.

POINT III

THE CHARGES SHOULD BE DISMISSED BECAUSE THE EVIDENCE AT TRIAL WAS LEGALLY INSUFFICIENT, AND TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE IN FAILING TO ARGUE THE INSUFFICIENCY. U.S. CONST. AMEND. VI, XIV; N.J. CONST. ART. I, PARA. 10.

As defendant concedes, none of these issues were presented to the trial court by his PCR attorney. "We generally 'decline to consider questions or issues not properly presented to the trial court . . . unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" State v. Marroccelli, 448 N.J. Super. 349, 373 (App. Div. 2017) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Neither of these exceptions

applies to this case and, therefore, we need not consider defendant's newly-minted contentions here.

Even if we could get past this hurdle, however, the record on appeal is insufficient to enable us to consider defendant's contentions. In Point I, defendant argues that his PCR attorney previously represented one of his co-defendants in a resentencing appeal that was handled on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11. See State v. Ruiz-Perez, No. A-0858-17 (App. Div. Mar. 20, 2018). Defendant argues that there was a "potential for divided loyalties" because the PCR attorney might have had to "throw Ruiz-Perez under the bus" in order to assist defendant. Defendant points to no factual evidence to support this claim. Nevertheless, defendant argues that because the PCR attorney did not "bring the conflict to the attention of the [PCR] court and obtain a knowing, on-the-record waiver from [defendant]," the PCR proceeding was flawed and needs to be re-done.

However, defendant has not provided a certification from himself or from his PCR attorney detailing their interactions during the proceedings leading up to the trial court's July 6, 2021 order. Thus, there is no competent legal evidence in the record showing what defendant knew about the PCR attorney's prior

6

representation or whether he waived any conflict that may have existed. Accordingly, we do not have sufficient facts to review defendant's contention.

For this same reason, we are also unable to consider defendant's argument in Point II of his brief. There, defendant asserts that the PCR attorney failed to advance two of the contentions he raised in his original pro se petition and, as a result, he is entitled to a new PCR proceeding at which his sufficiency of the evidence and sentencing arguments can be considered. However, he has failed to provide us with the facts needed to permit review of this assertion.

Rule 3:22-6(d) requires PCR counsel to "advance all of the legitimate arguments requested by the defendant that the record will support," and "[i]f [the] defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit," then PCR counsel must "list such claims in the petition . . . or incorporate them by reference." (emphasis added). The rule requires PCR counsel to "communicate with his client," "investigate the claims," and "then . . . 'fashion the most effective arguments possible.'" State v. Hicks, 411 N.J. Super. 370, 375 (App. Div. 2010) (quoting State v. Rue, 175 N.J. 1, 18 (2002)). If PCR counsel fails to meet Rule 3:22-6(d)'s requirements, the remedy is a new PCR proceeding. Id. at 376. Such a new proceeding is predicated solely on the rule, not on ineffective assistance of counsel. Ibid.

However, we cannot conclude on this record that defendant's PCR attorney violated Rule 3:22-6(d).  Defendant has not provided a certification detailing his discussions with PCR counsel or stating whether they ever met to discuss defendant's case.  Defendant further failed to provide any competent evidence that PCR counsel did not otherwise communicate with defendant, investigate claims, and proffer the most effective arguments, together with the arguments defendant may have "insisted" on presenting even if they lacked legal merit.  See Hicks, 411 N.J. Super. at 375.  We therefore cannot find on this deficient record that a new PCR proceeding is necessary based on a violation of Rule 3:22-6(d).

Finally, in Point III, defendant asks that we consider his insufficiency of the evidence and sentencing contentions, presumably by exercising our original jurisdiction under Rule 2:10-5.  However, we exercise this authority "only 'with great frugality and in none but a case free of doubt.'"  Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015) (quoting Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003)).  This is not such a case.  The record is wholly inadequate to allow us to review defendant's newly-raised claim.  And, as we have previously made clear, "our function as an appellate court is to review the decision of the trial court, not to decide [a matter] tabula

rasa.'" Estate of Doerfler v. Federal Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018).

In sum, we are unable to determine the merits of defendant's contentions based on the record presented. Defendant's claims about the conduct of the PCR proceedings require consideration of facts outside the record presented to the PCR court and are supported solely by the arguments of defendant's current appellant attorney. See State v. Vanness, 474 N.J. Super. 609, 627 (noting the "resolution of claims against PCR counsel generally involves matters outside the record" and "under most circumstances, they are better suited for a PCR petition"); see also State v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016) (same).

Under these circumstances, we are convinced that defendant should have filed a new PCR petition challenging the proceeding that resulted in the trial court's July 6, 2021 order, rather than a notice of appeal raising arguments for the first time in this court based upon an insufficient factual record. To address this mistake, we dismiss the appeal and remand the matter to the trial court for consideration of a new petition limited to the three arguments defendant raised in the present appeal. Defendant shall have sixty days from the date of this decision to file the new petition.

The appeal is dismissed and the matter is remanded for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0303-21