# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3716-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.S.T.,

     Defendant-Appellant.

_____

Submitted December 10, 2024 – Decided March 4, 2025

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 01-02-0771.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Maura M. Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant J.S.T.[1] appeals from an order denying his petition for post-conviction relief (PCR). Defendant argues a remand for a new PCR hearing is required because his counsel failed to properly review the prior record and advance all legitimate arguments on his behalf, including counsel's failure to argue exceptions to the time limitations set forth in Rule 3:22-12. We conclude defendant's arguments hold no merit and affirm.

## I.

Defendant's PCR application relates to his underlying convictions for several sexual assault related crimes committed against a minor. His first PCR petition was denied without a hearing. Defendant appealed, we affirmed, and the Court denied certification. State v. J.S.T., No. A-3829-11 (App. Div. Mar. 26, 2015) (slip op. at 1), certif. denied, 222 N.J. 311 (2015). Thereafter, defendant filed a habeas corpus petition in the United States District Court of New Jersey. In May 2018, the District Court entered an order denying the Writ. J.T. v. S.J., Civ. No. 15-6740 (D.N.J. May 11, 2018). The Third-Circuit Court of Appeals denied defendant's request for a certificate of appealability. J.T. v. Adm'r N.J. State Prison, No. 18-2240 (3d Cir. Oct. 26, 2018).

---

[1] We use initials to protect the identity of the minor victim and to preserve the confidentiality of these proceedings. R. 1:38-3(d)(10).

We incorporate the substantial prior factual and procedural history set forth in our previous opinion. J.S.T., slip op. at 2-4. Defendant filed his second PCR petition in June 2022. Assigned PCR counsel submitted a supplemental brief in support of defendant's petition. We deem it unnecessary to reiterate defendant's substantive arguments through PCR counsel to the court since these arguments are not challenged. Because PCR counsel's performance is the basis of this appeal, we provide the relevant portion of his argument made to the court which stated:

> Since [the court] did review the attachments and I imagine you know, page 29 subparagraph D of [defendant's] brief, he expressly indicates that he did not want me to file any supplemental legal argument on his behalf, so I did not. When I got to that, I had already written the procedural history, the statement of fact, which I did file with the [c]ourt, at which I thought the [c]ourt might find helpful, at least to synthesize everything in one place. With respect to his arguments, Judge, initially it's clear that this is beyond a one-year time frame permissible for a second PCR. [Defendant] argues in his papers that none of his matters have ever been adjudicated and that the failure to adjudicate the issues overcomes the procedural [time] bar. It simply doesn't apply in a situation where the issues have not been adjudicated.

The PCR court rendered an oral decision and written order denying defendant's petition without an evidentiary hearing finding the petition was untimely pursuant to Rule 3:22-12. The court found, as argued by the State, that

3

defendant's appeal of his first PCR petition did not toll the time for filing his second petition. Specifically, the PCR court determined that none of the exceptions contained in <u>Rule</u> 3:22-12(a)(2)(A) through (C) applied. The court noted defendant's petition did not assert or concern a newly recognized constitutional right, did not support any claim that the factual predicates to defendant's arguments could not have been discovered through the exercise of due diligence, and, although defendant alleged a general claim of ineffective assistance of counsel in his first PCR petition, his second PCR petition was not filed within one year of the date of that denial.

Defendant raises the following point(s) on appeal:

POINT I

THE ORDER DISMISSING DEFENDANT'S SECOND PETITION FOR PCR SHOULD BE REVERSED. PCR DEFENSE COUNSEL'S ABANDONMENT OF HIS DUTY TO THOROUGHLY REVIEW THE RECORD FOR POTENTIAL LEGAL ISSUES REQUIRES NO SHOWING OF INEFFECTIVENESS. ALTERNATIVELY, COUNSEL'S FAILURE TO PRESENT ANY ARGUMENT CONCERNING WHY DEFENDANT'S UNTIMELY SECOND PETITION SHOULD NOT HAVE BEEN PROCEDURALLY BARRED CONSTITUTES PER SE INEFFECTIVE ASSISTANCE OF COUNSEL. THE REMEDY UNDER BOTH CLAIMS IS A REMAND FOR A NEW PCR HEARING WITH NEW PCR COUNSEL.

4

A. DEFENDANT IS ENTITLED TO A NEW PCR [HEARING] WITH THE ASSIGNMENT OF NEW COUNSEL.

B. PCR COUNSEL COMPLETELY NEGLECTED TO ARGUE DEFENDANT'S EXCEPTION TO THE RULE REQUIRING THAT SECOND PETITIONS FOR PCR MUST BE FILED WITHIN ONE YEAR FROM THE TIME THE FIRST PETITION WAS DENIED.

## II.

Defendant first argues a remand for a new PCR hearing is required because PCR counsel abandoned his duty to defendant by not thoroughly reviewing the record for potential legal issues. Defendant relies on Rule 3:22-6(d) and our holding in State v. Hicks, 411 N.J. Super. 370 (App. Div. 2010) to support his argument.

Rule 3:22-6(d) provides, in pertinent part, that PCR

> [c]ounsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.
>
> [Pressler and Verniero, Current N.J. Court Rules, comment on R. 3:22-6(d) (2024) (citing State v. Rue, 175 N.J. 1, 18-19 (2002)).]

5

To meet this mandate, PCR trial counsel must "communicate with the client and investigate the claims" and "then must 'fashion the most effective arguments possible.'" Rue, 175 N.J. at 18-19 (quoting State v. Velez, 329 N.J. Super. 128, 133 (App. Div 2000)).

In Hicks, we determined defendant failed to receive the benefit of PCR counsel's experience because counsel limited his performance to re-presenting the arguments defendant asserted in his pro se petition and there was no evidence PCR counsel "conducted an independent evaluation of defendant's case to determine whether there were other grounds to attack defendant's conviction." 411 N.J. Super. at 374. We also determined [counsel] made comments at oral argument revealing his ignorance of the essential facts of the case. Ibid. "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." Ibid. (citations omitted). The relief under these circumstances "is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard." Id. at 376.

Unlike Hicks, where it was apparent PCR counsel had failed to meet his obligations, we cannot conclude on the record before us that PCR counsel failed to discharge his responsibilities properly and that a remand for a new hearing is

6

required. Defendant concedes that counsel listed and argued all four points raised in his pro se brief as he instructed but asserts "[h]ad counsel conducted a proper investigation of the record, he <u>may</u> have found meritorious cognizable legal issues." (emphasis added).

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point.
>
> [<u>State v. Webster</u>, 187 N.J. 254, 257 (2006).]

Unlike <u>Webster</u> where PCR counsel failed to present the arguments as instructed by his client, here defendant asserts counsel argued only the points in defendant's pro se brief as specifically instructed. Although defendant asserts PCR counsel failed to appropriately review the record to determine if further arguments should have been made in addition to those raised in defendant's pro se brief, defendant fails to set forth the additional legal arguments PCR counsel should have made having adequately reviewed the record.

Additionally, we agree with the State that the record does not support PCR counsel abandoned defendant as asserted. No dispute exists that PCR counsel

acted in accordance with defendant's instructions to raise only the arguments contained in defendant's pro se brief. Based upon the record, we further observe that PCR counsel had reviewed the file because his brief provided the procedural history and facts, and counsel represented to the court he had reviewed defendant's pro se exhibits. We further conclude defendant has failed to present the legal arguments PCR counsel should have made if he had adequately reviewed the trial record and therefore, a remand would be futile.

Defendant next contends a new hearing is required because PCR counsel failed to argue exceptions to the time bar contained in Rule 3:22-12 and this failure was "per se" ineffective assistance of counsel. Defendant also asserts counsel failed to argue "fundamental fairness and the need to correct a severe and manifest injustice—even [if] none of the exceptions that are set forth within the body of [Rule 3:22-12] apply." We are unpersuaded.

Rule 3:22-12 prescribes time limitations on the filing of applications for post-conviction relief. Paragraph (a)(2)(C) of the rule states a second or subsequent petition for PCR relief shall not be filed more than one year after the date of denial of the "first or subsequent application for [PCR] relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged." R. 3:22-12.

8

Here, as found by the PCR court, the record clearly supports defendant's second PCR petition was filed outside the one-year time limitation set forth in Rule 3:22-12(a)(2).  Consequently, we reject this argument as meritless.

The doctrine of fundamental fairness "serves to protect citizens generally against unjust and arbitrary governmental action, and specifically against governmental procedures that tend to operate arbitrarily."  State v. Saavedra, 222 N.J. 39, 67 (2015) (emphasis omitted) (quoting Doe v. Poritz, 142 N.J. 1, 108 (1995)).  Courts view the doctrine as a part of due process.  Ibid.  "The doctrine is applied 'sparingly' and only where the 'interests involved are especially compelling'; if a [party] would be subject 'to oppression, harassment, or egregious deprivation,' it is to be applied."  Ibid. (quoting Doe, 142 N.J. at 108).

We also are unpersuaded by defendant's fundamental fairness argument because we are satisfied defendant has not presented that rare case requiring relief from the procedural limitations imposed on second or subsequent PCR petitions because the requirements of Rule 3:22-12 are not unjust or arbitrary nor does the rule operate arbitrarily.  We conclude defendant's interests were not of a compelling nature as required under Saavedra to satisfy the requirements of the doctrine requiring relaxation of the time bar of Rule 3:22-12.

A-3716-22

We have not specifically addressed the State's argument that defendant's appeal is premature and not subject to appellate review as we deem this argument moot. Because we are not deciding this issue on the merits, we make no determination as to its future viability or preclusion.

To the extent we have not specifically addressed any of defendant's remaining legal arguments it is because we have concluded they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3716-22