**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2861-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAKEYSHA L. PRUITT,

     Defendant-Appellant.

_____

Submitted November 17, 2025 – Decided January 12, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 14-06-1806.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Shakeysha L. Pruitt, appeals from an order denying her second petition for post-conviction relief ("PCR"). Having considered the arguments advanced in light of the record and applicable legal principles, we affirm.

I.

We recite the following pertinent facts and procedural history relevant to this appeal. On July 28, 2013, Kafarr Logan Horton was stabbed by defendant following an encounter in his Oaklyn residence. Horton was taken to the hospital but later died from his injuries. Defendant was subsequently identified and charged with knowing and purposeful murder, contrary to N.J.S.A. 2C:11-3(a)(1) or (2). On June 19, 2014, with counsel, defendant waived indictment and pled guilty to first-degree aggravated manslaughter, contrary to N.J.S.A. 2C:11-4(a). As part of the negotiated plea, the State dismissed the murder charge and agreed to cap the sentence at twenty years, subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

On July 25, 2014, defendant was sentenced to twenty years imprisonment with 85% parole ineligibility in line with the plea agreement. The court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). The court found mitigating factor

seven, N.J.S.A. 2C:44-1(b)(7) (defendant has no history of prior delinquency or criminal activity). The judge also found mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) (character and attitude of defendant indicate she is unlikely to commit another offense), but gave it little weight. A judgment of conviction was entered on July 29, 2014.

Defendant appealed and challenged her sentence. We heard the appeal on our Excessive Sentencing calendar, see R. 2:9-11, and affirmed defendant's sentence, finding that it was not manifestly excessive, unduly punitive, or an abuse of discretion. State v. Pruitt, No. A-0830-14 (App. Div. March 10, 2015). She filed her first petition for PCR on May 11, 2016, raising both direct and counsel-related errors, including her counsel's handling of mitigating factors at sentencing and failure to investigate her mental health history. The PCR court denied relief on February 3, 2017, finding the majority of claims were procedurally barred under Rules 3:22-3, 3:22-4, and 3:22-5, as either substitute for direct appeal, previously decided, or could have been raised earlier. The first PCR court also found no prima facie showing of ineffective assistance of counsel warranting an evidentiary hearing.

We affirmed the denial of PCR, concluding the record supported counsel's representation at sentencing was not ineffective assistance, and any omitted

arguments by counsel would not have altered the sentence.  State v. Pruitt, No. A-2742-16 (App. Div. Oct. 18, 2018).  We further determined defendant had not shown PCR counsel was ineffective for not obtaining a psychiatric evaluation, as this argument was raised for the first time on PCR appeal rather than in the trial court.  Ibid.

More than three years later, on February 14, 2022, defendant filed a second self-represented petition for PCR, supported by counsel's brief and a psychiatric evaluation prepared in June 2023.  Defendant argued that trial and PCR counsel were ineffective for failing to obtain and submit a mental health report as a mitigating factor.

On February 23, 2024, following oral argument, the PCR court denied the petition.  The court emphasized that Rule 3:22-12(a)(2) strictly bars the filing of a second or subsequent PCR petition more than one year after the latest applicable date, including the denial of the first PCR or discovery of new factual predicates.  In defendant's case, the court found her first PCR was fully resolved no later than November 31, 2018, yet her second PCR was filed over three years later, with no justifiable basis for relaxing the rule.  The court found the procedural bar was both clear and compelling, and no exception, including fundamental injustice, was present to permit the late filing.

4

The PCR court further concluded, even if it decided the petition on its merits, defendant did not meet a prima facie case for ineffective assistance of counsel because she was not prejudiced under the Strickland[1] standard by trial counsel's failure to obtain and present a psychiatric report. Although the court acknowledged that failing to obtain such a report fell below an objective standard of reasonableness, it ultimately found no reasonable probability that the result—a 20-year sentence for first-degree aggravated manslaughter—would have been different had such mitigating evidence been presented. The court determined the plea agreement already reflected consideration for the defendant's mental health and addiction issues, as her charges were downgraded from first-degree murder to aggravated manslaughter with a mid-range sentencing cap, which the court interpreted as evidence that these factors had been substantially considered.

The court also specifically addressed the content of the belated psychiatric report, finding it inadequate to impact the sentencing outcome. It noted the report's language was "not provided to a reasonable degree of medical certainty," relying instead on terms like "likely" and "could have," and thus lacked the requisite definitiveness to affect the aggravating and mitigating factor analysis

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

A-2861-23

at sentencing. The court also found that the plea court, at the original sentencing, had already considered and weighed defendant's mental health issues, and the appellate division had affirmed the handling of mitigating factors in her first PCR appeal. Based on these determinations the PCR court denied defendant's petition without a hearing.

Defendant asserts the following single point on appeal:

> [DEFENDANT] MADE A PRIM[A] FACIE CLAIM OF PREJUDICE, AND IS THEREFORE ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT HER PCR I ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THE ISSUE THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING FOR FAILING TO INVESTIGATE AND PRESENT DOCUMENTARY EVIDENCE OF, AND AN EXPERT OPINION ON, THE EFFECTS OF [DEFENDANT'S] MENTAL HEALTH AND HISTORY OF ABUSE SO THAT [DEFENDANT'S] SENTENCE WOULD HAVE BEEN LOWER.

## II.

When a PCR court does not conduct an evidentiary hearing, we review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of

6

discretion.  State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

Rule 3:22-4(b) and Rule 3:22-12(a)(2) govern time limits for filing subsequent petitions for PCR.  Because this was defendant's second PCR petition, Rule 3:22-12(a)(2) applied.  The Rule states:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2).]

Rule 3:22-4(b)(1) requires dismissal of a second or subsequent petition if not timely filed under Rule 3:22-12(a)(2).

7

We conclude the PCR court did not commit error by denying defendant's second PCR petition under Rule 3:22-12(a)(2) based on her untimely filing over three years after her prior PCR proceeding was concluded in November 2018. In addition, we conclude defendant failed to satisfy any of the other conditions under Rule 3:22-12(a)(2)(A-C) to relax its time limitations as determined by the PCR court.

We also determine the PCR judge's denial of defendant's petition on the merits was not error. Claims of ineffective assistance of counsel concerning PCR counsel are governed by a separate standard from those asserted against trial counsel. "[PCR] relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard as Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010).

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of

> the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." Hicks, 411 N.J. Super. at 376 (citing State v. Rue, 175 N.J. 1, 4 (2002)).

A review of the record demonstrates the PCR court found defendant was not prejudiced by the failure to obtain and present a psychiatric report because (1) there was no reasonable probability that the sentence would have been different had a report been presented; (2) the plea agreement already reflected consideration for the defendant's mental health and addiction issues; and (3) the belated psychiatric report was inadequate to impact the sentencing outcome as the report's language was not provided to a reasonable degree of medical probability and lacked the requisite definitiveness to affect the aggravating and mitigating factor analysis at sentencing. Additionally, the PCR court found the plea court, at the original sentencing, had already considered and weighed defendant's mental health issues, and we had affirmed the handling of mitigating factors in her first PCR appeal.

We conclude the PCR court did not abuse its discretion by denying defendant's petition without an evidentiary hearing, as its findings were based on substantial, credible evidence in the record. We agree that even if defendant's first PCR counsel raised the psychiatric claims, she was not prejudiced as they would have failed. In addition, the sentencing court took defendant's psychiatric issues into account as part of the plea agreement, which had downgraded defendant's charges and capped her sentence to twenty years, much less than her sentencing exposure under the original charges.

In addition, we concur with the PCR court's assessment concerning the inadmissibility of defendant's expert report due to its lack of reliability based on inadequate expert foundational language. "[M]edical expert testimony must be couched in terms of reasonable medical certainty or probability . . . ." State v. Purnell, 394 N.J. Super. 28, 50 (App. Div. 2007) (citing State v. Harvey, 121 N.J. 407, 431 (1990)). In this instance, the report did not provide an opinion reflecting the required language and the PCR court's decision not to consider the report was not an abuse of discretion.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-2861-23

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2861-23